ORIGINAL

FILED
JAN 26 2005
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

05- 170C

| | |
|---|---|
| BLUE LAKE FOREST PRODUCTS, INC., Plaintiff, v. THE UNITED STATES, Defendant. | No. 01-570C (Judge Williams) |
| TIMBER PRODUCTS COMPANY, Plaintiff, v. THE UNITED STATES, Defendant | No. 01-627C (Judge Williams) |
| CLR TIMBER HOLDINGS, INC., Plaintiff, v. THE UNITED STATES, Defendant. | No. 04-501C (Judge Williams) |

**NOTICE OF INDIRECTLY-RELATED CASES**

Pursuant to RCFC 40.2(b), notice is hereby given that Indirectly-Related cases are presently before the Court. The following cases present common issues of fact and law with the

above-captioned matter, such that transfer or consolidation of these matters or adoption of a common discovery schedule would significantly promote the efficient administration of justice:

1. CLR Timber Holdings, Inc. v. United States, No. 04-501C MCW, consolidated with Blue Lake Forest Products, Inc. v. United States, No. 01-570C MCW, and Timber Products Co. v. United States, No. 01-627C MWC.

2. Swanson Group, Inc., No. 05-____ (Swanson's Whitecap timber sale case), complaint filed today with the complaint in the instant action.

The Indirectly-Related cases above involve timber sale contracts with the United States Forest Service that are alleged to have been wrongly suspended. In the CLR Timber Holdings case part of the suspension in question was due to federal court rulings which invalidated a biological opinion on the potential impacts of a Forest Service timber sale on certain listed, proposed and candidate species under the Endangered Species Act. This opinion was issued by the National Marine Fisheries Service (now known as "NOAA Fisheries") working in conjunction with certain biologists within the United States Forest Service. This biological opinion was held to be arbitrary and capricious and contrary to law by Judge Rothstein of the United States District Court of the Western District of Washington in a series of related cases, including Pacific Coast Federation of Fisherman's Association v. National Marine Fisheries Service, No. 97-CV-775, 1998 WL 1988556, Pacific Coast Federation of Fisherman's Association v. NMFS, 71 F. Supp.2d 1063 (W.D. Wash., No. C99-67R, 1999), Pacific Coast Federation of Fisherman's Association v. NFMS, Case No. C00-1757R, and Pacific Coast Federation of Fisherman's Association v. NFMS, 265 F.3d 1028 (9th Cir. 2001). The instant case (Swanson's Benchmark timber sale case), like CLR Timber Holdings and the other Swanson Group case filed today (Swanson's Whitecap

timber sale case), also involves the suspension of a Forest Service timber sale arising out of the Pacific Coast Federation of Fisherman's Association cases.

All of these Indirectly-Related cases involve the same standard Forest Service timber sale contract containing identical or substantially the same clauses. The two Swanson cases (the instant Benchmark timber sale case and the Whitecap timber sale case) filed today involve the same plaintiff, the same Forest Service defendant and sales on the same national forest (the Umpqua National Forest).

The common legal issues in each of the Indirectly-Related cases reference above and the instant case are (1) whether the Forest Service breached its implied duties to cooperate and not to hinder the contractor's performance, (2) whether the Forest Service breached certain warranties under the contracts, (3) whether the Forest Service breached the timber sale contract by suspending the contract without the proper authority and for an unreasonable amount of time, and (4) whether the Forest Service failed to compensate the plaintiff as required under clause C6.01 of the Forest Service timber sale contract. Judicial economy warrants the transfer or consolidation of these cases or adoption of a common discovery schedule in order to resolve common issues of law and fact.

Respectfully submitted,

Gary G. Stevens
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiffs

OF COUNSEL:

Alan I. Saltman
Richard W. Goeken
Bryan T. Bunting
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: January 26, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of January 2005, I served via first class mail, postage prepaid, a copy of the foregoing **NOTICE OF INDIRECTLY-RELATED CASES** on Richard P. Schroeder, Esq., attorney for defendant, United States of America, United States Department of Justice, Commercial Litigation Branch, Civil Division, Attn: Classification Unit, 1100 L Street, N.W., 8th Floor, Washington, D.C. 20530.

Beverly J. Rector

Beverly J. Rector