IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SWANSON GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-170C |
| v. | ) | consolidated with 05-171C |
| | ) | (Senior Judge Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION
FOR LEAVE TO FILE AMENDED ANSWERS

Pursuant to Rules 8(c) and 15 (a) of the Rules of the Court of Federal Claims ("RCFC"), defendant respectfully requests leave to file a amended answers in case numbers 05-170C and 05-171C, which have been consolidated, to include the affirmative defense of assumption of risk. Counsel for the plaintiff has indicated that plaintiff does not oppose this motion. A copy of the proposed amended answers are attached to this motion.

RCFC 8(a) requires that all affirmative defenses be pled by the Government in its answer to the complaint. RCFC 15(a) allows for amendment of a pleading "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." RCFC 15(a). Consistent with the plain language of RCFC 15(a), this Court and its predecessor, the Court of Claims, have recognized that leave to amend a defendant's answer should be freely granted. Cities Serv. Helex, Inc. v. United States, 211 Ct. Cl. 222, 234 n.14, 543 F.2d 1306, 1313 n. 14 (1976)(waiver defense considered on the merits where Government did not plead it in its answer, but both parties exhaustively treated the issue in motions); St. Paul Fire & Mar. Ins. Co. v. United States, 31 Fed. Cl. 151, 153-54 (1994); Johnson v. United States, 15 Cl. Ct. 169, 172 (1988); Effingham Cty. Bd. of Educ. v. United States, 9 Cl. Ct. 177, 180 (1985).

A party should be allowed to litigate all substantive issues, absent a showing of undue delay, bad faith, or a dilatory motive. Hess v. United States, 210 Ct. Cl. 483, 491-92, 537 F.2d 457 (1976) (citing Foman v. Davis, 371 U.S. 178, 181-82 (1962)); St. Paul Fire & Mar., 31 Fed. Cl. at 153-54. None of those situations is present here.

Quoting the Supreme Court's interpretation of Rule 15(a) of the Civil Rules of Procedure in Foman v. Davis, 371 U.S. 178, 182 (1962), this Court in Effingham County Board of Education, stated:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. . . . If the underlying facts or circumstances to be relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Effingham County, 9 Cl. Ct. at 180.

The Court considered Supreme Court's list of reasons for denying a Rule 15(a) motion, set forth in Foman, to be instructive – but not exclusive. Accordingly, a denial properly could be based upon a reason other than one articulated in Foman, but the reason would have to be compelling, or it would not meet the strict Foman standard. See also Siemens Aktiengesellschaft v. United States, 26 Cl. Ct. 312, 313 (1992) (the courts "have recognized the appropriateness of amending an answer to raise additional defenses").

Undersigned counsel, after further discussion with agency counsel, realized that the defense of assumption of risk was available to the Government in response to plaintiff's claim. We filed our original answer on June 17, 2005, approximately one month ago. The parties have not yet filed their joint preliminary status report, discovery has not yet begun, and the parties have yet to file any dispositive motions. Plaintiff will not be prejudiced by the amendment of our answer at this time. see Cities Service Helix, 211 Ct. Cl. at 234 n.14, 543 F.2d at 1313 n. 14 (no prejudice where opposing party fully responded to Government's waiver argument), and as stated before, plaintiff does not oppose this motion.

For these reasons, we respectfully request that the Court grant our motion for leave to file amended answers.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/Lindsay E. Williams
LINDSAY E. WILLIAMS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Phone: (202) 353-7995
Fax: (202) 514-8624

OF COUNSEL:
MARCUS WAH
Associate Regional Attorney
USDA-OGC, Pacific Region
1734 Federal Building
1220 S.W. Third Ave
Portland, OR 97204-2825

July 15, 2005

Attorneys for Defendant