IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SWANSON GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-171C |
| v. | ) | consolidated with 05-170C |
| | ) | (Senior Judge Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

For its amended answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Admits.

3. Admits.

4. The allegations contained in paragraph 4 are conclusions of law for which no answer is required; to the extent that they may be deemed allegations of fact, they are denied

5. The allegations contained in paragraph 5 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

6. Admits the allegation contained in paragraph 6 that plaintiff submitted a letter to the contracting officer on July 12, 2004. The allegation that the letter was “a properly certified claim” is a conclusion of law to which no answer is required; to the extent that it may be deemed an allegation of fact, it is denied. Admits the remaining allegations contained in paragraph 6 to

the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 10.

11. Denies.

12. The allegations contained in paragraph 12 are conclusions of law for which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

13. Admits.

14. Admits the allegations contained in the first, second and third sentences of paragraph 14 to the extent supported by the document cited, which is the best evidence of its contents. Denies the allegations contained in the fourth sentence of paragraph 14. Admits to the allegation contained in the fifth sentence of paragraph 14 that the Whitecap timber sale was awarded to plaintiff; denies the remaining allegations contained in the fifth sentence of

paragraph 14.

15. Admits.

16. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Admits.

18. The allegations contained in paragraph 18 are conclusions of law for which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 are conclusions of law for which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

20. Admits the allegations contained in paragraph 20 to the extent supported by the Northwest Forest Plan and the Aquatic Conservation Strategy ("ACS") cited by plaintiff, which are the best evidence of their contents; otherwise denies all other allegations contained in paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by the district court case cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 21.

22. Denies.

23. Admits the allegations contained in paragraph 23 to the extent supported by the Biological Opinions cited, which are the best evidence of their contents; otherwise denies all other allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the district court opinion cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 24.

25. Admits the allegations contained in the first, second and third sentences of paragraph 25 to the extent supported by the document cited, which is the best evidence of its contents; Denies the allegations contained in the fourth sentence of paragraph 25. Denies all other allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the district court cases cited, which are the best evidence of their contents; otherwise denies all other allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the district court case cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 27.

28. Admits the allegations contained in paragraph 28 to the extent supported by the district court cases cited, which are the best evidence of their contents; otherwise denies all other allegations contained in paragraph 28.

29. Admits the allegations contained in paragraph 29 to the extent supported by the district court opinion cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 29.

30. Admits.

31. Admits the allegations contained in paragraph 31 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 31.

32. Admits.

33. Admits.

34. The allegations contained in paragraph 34 are conclusions of law and plaintiff’s

characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

35. The allegations contained in paragraph 35 are conclusions of law and plaintiff's characterization of its case for which no answer is required; to the extent that they may be deemed allegations of fact, they are denied

36. The allegations contained in paragraph 36 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied

37. The allegations contained in paragraph 37 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied

38. The allegations contained in paragraph 38 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

39. Denies.

40. Defendant's responses to paragraphs 1 through 39 are incorporated by reference.

41. The allegations contained in first sentence of paragraph 41 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 41 to the extent supported by the contract clause cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 41.

42. Denies.

43. Denies.

44. The allegations contained in paragraph 44 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

45. Denies.

46. Defendant's responses to paragraphs 1 through 39 are incorporated by reference.

47. Admits.

48. Admits the allegations contained in the first sentence of paragraph 48, that the purpose of the suspension was to permit the Forest Service time to consult with the National Marine Fisheries Service ("NMFS") concerning whether the Benchmark timber sale contract complied with the ACS and would not jeopardize the listed aquatic species. Avers that a second consultation with NMFS was required because the first consultation, prepared pre-award, was found to be invalid in the court's decision in PCFFA I. To the extent plaintiff alleges facts inconsistent with this clarification, those allegations are denied. Defendant denies the remaining allegations contained in paragraph 48.

49. Denies.

50. Defendant's responses to paragraphs 1 through 39 are incorporated by reference.

51. Denies.

52. Denies that plaintiff is entitled to the relief requested under the title "WHEREFORE" in its entirety or to any relief whatsoever.

53. Denies each and every allegation not previously admitted or otherwise qualified.

54. WHEREFORE, defendant respectfully requests that the Court dismiss the complaint, and that defendant be granted such other and further relief as the Court may deem just and proper.

DEFENDANT'S AFFIRMATIVE DEFENSE

55. Plaintiff's claims are barred by the affirmative defense of assumption of risk.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ Lindsay Williams
LINDSAY WILLIAMS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Phone: (202) 353-7995
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:
MARCUS WAH
Associate Regional Attorney
USDA-OGC, Pacific Region
1734 Federal Building
1220 S.W. Third Ave.
Portland, OR 97204-2825

July 15, 2005