**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SWANSON GROUP, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-170C |
| | ) | consolidated with 05-171C |
| THE UNITED STATES, | ) | (Senior Judge Smith) |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to the Rule 16 and Appendix A (II & III) of the United States Court of Federal Claims ("RCFC"), the parties, Swanson Group, Inc. ("Swanson") and the United States, respectfully submit this Joint Preliminary Status Report:

a. Jurisdiction

Plaintiff, Swanson Group, Inc., asserts jurisdiction pursuant to 28 U.S.C. §1491. At this time, the United States is not aware of any reason why the Court would not possess jurisdiction.

b. Should the case be consolidated with any other case?

No.

c. Should trial of liability and damages be bifurcated?

Plaintiff believes that the issues with regard to liability and damages are sufficiently discrete that they should not be addressed together, and once the question of liability has been resolved, the parties may be able to resolve the damages issues without further trial proceedings.

Defendant believes that trial of liability and damages should not be bifurcated.

d. Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal?

No.

e. In cases other than tax refund actions, will a remand or suspension be sought?

The parties agree that no remand or suspension will be sought.

f. Will additional parties be joined?

Neither party intends to join additional parties.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?

Both parties reserve the right to file a dispositive motion before and shortly after the completion of discovery.

h. What are the relevant factual and legal issues?

Plaintiff's Issues:

(1) Whether the United States Forest Service breached the Benchmark timber sale contract by suspending that contract.

(2) Whether the United States Forest Service breached the Whitecap timber sale contract by suspending that contract.

(3) Whether the suspension of the Benchmark timber sale contract was unreasonable as to cause and/or duration.

(4) Whether the suspension of the Whitecap timber sale contract was unreasonable as to cause and/or duration.

(5) Whether the Forest Service breached an alleged warranty under clause C6.25 of the Benchmark timber sale contract.

(6) Whether the Forest Service breached an alleged warranty under clause CT6.25 of the Whitecap timber sale contract.

(7) In the alternative, assuming that the Forest Service's suspension of the Benchmark contract was not a breach, did the Forest Service breach the contract by failing to pay Swanson certain out-of-pocket costs within the scope of contract clause C6.01?

(8) In the alternative, assuming that the Forest Service's suspension of the Whitecap contract was not a breach, did the Forest Service breach the contract by failing to pay Swanson certain out-of-pocket costs within the scope of contract clause CT6.01?

(9) What damages, if any, is plaintiff entitled to as a result of the Forest Service's suspension of the Benchmark timber sale contract?

(10) What damages, if any, is plaintiff entitled to as a result of the Forest Service's suspension of the Whitecap timber sale contract?

Defendant's Issues:

(1) Whether the Forest Service breached plaintiff's Benchmark timber sale contract by temporarily suspending operations under the contract on units 1 and 2 from May 1, 1998 to June 30, 1998, pursuant to clause C6.01 of the contract.

(2) Whether the Forest Service breached plaintiff's Benchmark timber sale contract by temporarily suspending operations under the contract from May 1, 1998 to December 12, 2001, and from December 28, 2001 to March 23, 2004, pursuant to clause C6.01 of the contract.

(3) Whether the Forest Service breached plaintiff's Whitecap timber sale contract by temporarily suspending operations under the contract from December 22, 2000 to December 12, 2001, and from December 28, 2001 to March 23, 2004, pursuant to clause C6.01 of the contract.

(4) Even though the Forest Service's temporary suspensions were based upon

contract clause C6.01, did the Forest Service nonetheless breach any implied duties to cooperate and not to hinder plaintiffs' performance and/or breach an implied warranty under C6.25, if such a warranty exists.

(5) What damages, if any, is plaintiff entitled to as a result of the Forest Service's temporary suspension of plaintiff's Benchmark timber sale contract, units 1 and 2, from May 1, 1998 to June 30, 1998, pursuant to clause C6.01 of the contract.

(2) What damages, if any, is plaintiff entitled to as a result of the Forest Service's temporary suspension of plaintiff's Benchmark timber sale from May 1, 1998 to December 12, 2001, and from December 28, 2001 to March 23, 2004, pursuant to clause C6.01 of the contract.

(3) What damages, if any, is plaintiff entitled to as a result of the Forest Service's temporary suspension of plaintiff's Whitecap timber sale contract from December 22, 2000 to December 12, 2001, and from December 28, 2001 to March 23, 2004, pursuant to clause C6.01 of the contract.

i. <u>What is the likelihood of settlement? Is alternative dispute resolution contemplated?</u>

The parties intend to make every effort to resolve this case amicably. At this point alternative dispute resolution is not contemplated, but the parties will continue to consider this option throughout the litigation. If deemed warranted, the parties will pursue settlement negotiations as the litigation progresses.

j. <u>Do the parties anticipate proceeding to trial?</u>

If this case cannot be resolved through settlement or dispositive motions, the parties anticipate that they will proceed to trial. Neither party requests an expedited trial schedule. If a trial is required, the parties believe that it should be held at a location that is most convenient for

the witnesses and the Court. The parties will work together to determine what that location will be.

k. Are there special issues regarding electronic case management needs?

There are no special issues regarding electronic case management needs.

l. Is there other information of which the Court should be aware at this time?

The parties are unaware of any such additional information.

m. Joint Proposed Scheduling Plan

The parties recommend that discovery in this case begin as of the date of this joint preliminary status report and continue until April 28, 2006.

Respectfully submitted,

s/Gary G. Stevens

GARY G. STEVENS
Saltman & Stevens, P.C.
1801 K Street, N.W, Suite M-110
Washington, D.C. 20006
Phone: (202) 452-2140
Fax: (202) 775-8217

Attorney for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

OF COUNSEL:
MARCUS R. WAH
Associate Regional Attorney
USDA-OGC, Pacific Region

s/Lindsay E. Williams
LINDSAY E. WILLIAMS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Phone: (202) 353-7995
Fax: (202) 514-8624

October 5, 2005

Attorneys for Defendant