**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SWANSON GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05-170C |
| v. | ) | consolidated with 05-171C |
| | ) | (Judge Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S MOTION TO DISMISS MOTION FOR SUMMARY JUDGMENT FOR LACK OF JURISDICTION</u>**

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director
s/ JOAN M. STENTIFORD

JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-0341

Attorneys for Defendant

OF COUNSEL:

Marcus Wah
Associate Regional Attorney
USDA-OGC, Pacific Region
1734 Federal Building
1220 S.W. Third Avenue
Portland, Oregon 97204-2825

Dated: May 4, 2006

# TABLE OF CONTENTS

QUESTION PRESENTED . . . . . 1

STATEMENT OF THE CASE . . . . . 2

I. Nature Of The Case . . . . . 2

II. Statement Of Facts . . . . . 2

ARGUMENT . . . . . 3

I. Standard of Review . . . . . 3

II. The Court Does Not Possess Jurisdiction To Entertain Swanson's Claims For Relief Under the Rescissions Act . . . . . 4

III. Swanson's Certified Claim Does Not Seek Relief Under the Rescissions Act . . . 6

CONCLUSION . . . . . 10

## TABLE OF AUTHORITIES

### CASES

Alaska Pulp Corp. v. United States,
38 Fed. Cl. 141 (1997) . . . . . . . . . . 4

American Pacific Roofing Co. v. United States,
21 Cl. Ct. 265 (1990) . . . . . . . . . . 4

Alsea Valley Alliance v. Evans,
161 F. Supp. 1154 (D. Ore. 2001) . . . . . . . . . . 2

Brookfield Construction Co., Inc. v. United States,
228 Ct. Cl. 551,
661 F.2d 159 (1981) . . . . . . . . . . 4

Contract Cleaning Maintenance, Inc. v. United States,
811 F.2d 586 (Fed. Cir. 1987) . . . . . . . . . . 5

Cosmic Constr. Co. v. United States,
697 F.2d 1389 (Fed. Cir. 1982) . . . . . . . . . . 3

Croman Corp. v. United States,
44 Fed. Cl. 796 (1999) . . . . . . . . . . 5, 9

Day v. Shalala,
23 F.3d 1052 (6th Cir. 1994) . . . . . . . . . . 9

Day v. Sullivan,
794 F. Supp. 801 (S.D. Ohio 1991) . . . . . . . . . . 9

Dynalectron Corp. v. United States,
4 Cl. Ct. 424, aff'd,
758 F.2d 665 (Fed. Cir. 1984)(table) . . . . . . . . . . 3

Fidelity Construction Co. v. United States,
700 F.2d 1379 (Fed. Cir.), cert. denied,
464 U.S. 826 (1983) . . . . . . . . . . 3, 4

Indian Corp. of America v. Semi-Alloys, Inc.,
781 F.2d 879 (Fed. Cir. 1985) . . . . . . . . . . 1

Information Sys. & Networks Corp. v. United States,
17 Cl. Ct. 527 (1989) . . . . . . . . . . 1

Library of Congress v. Shaw,
478 U.S. 310 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

McCurty v. United States,
30 Fed. Cl. 108 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Morris v. United States,
33 Fed. Cl. 733 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Northwest Forest Resource Council v. Glickman,
82 F.3d 825 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

On-Line Technologies, Inc. v. Bodenseewerk Perkin-Elmer GMBH,
386 F.3d 1133 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Pacific Coast Federation of Fishermen's Associations v. National Marine Fisheries Service,
71 F. Supp.2d 1063 vacated in part and aff'd in part,
265 F.3d 1028 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Pacific Coast Federation of Fishermen's Associations v. National Marine Fisheries Service,
1998 WL 1988556 (W.D. Wash. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Pacific Coast Federation of Fishermen's Associations v. National Marine Fisheries Service,
1998 WL 198856 (W.D. Wash. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Pacific Coast Federation of Fishermen's Associations v. National Marine Fisheries Service,
Civ. No. 00-1757R (W.D. Wash. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Reynolds v. Army & Air Force Exchange Serv.,
846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Sante Fe Engineers, Inc. v. United States,
818 F.2d 856 (Fed. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Scott Timber Co. v. United States,
333 F.3d 1358 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

SMS Data Products Group, Inc. v. United States,
19 Cl. Ct. 612 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Spirit Leveling Contractors v. United States,
19 Cl. Ct. 84 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Thomson v. Gaskill,
315 U.S. 442 (1942) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. King,
395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

United States v. Mitchell,
445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. Sherwood,
312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

W.M. Schlosser Co. v. United States,
705 F.2d 1336 (Fed. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## STATUTES

16 U.S.C. § 1611 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

41 U.S.C. § 601 et seq . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

41 U.S.C. § 605 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

41 U.S.C. § 605(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

41 U.S.C. § 609(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

41 U.S.C. § 609(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fiscal Year 1995 Emergency Supplemental Appropriations for Disaster Relief and
Rescissions Act, Pub. L. 104-19, 109 Stat. 240 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . 6

## MISCELLANEOUS

RCFC 8(a)............................................................................................................. 9, 10

RCFC 8(e)(1)............................................................................................................... 9

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SWANSON GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05-170C |
| v. | ) | consolidated with 05-171C |
| | ) | (Judge Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS MOTION FOR SUMMARY JUDGMENT FOR LACK OF JURISDICTION**

Pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court dismiss for lack of jurisdiction plaintiff's motion for summary judgment. Plaintiff's motion claims relief under 16 U.S.C. § 1611 (note) ("Rescissons Act"), a claim that plaintiff did not raise in its certified claim to the Contracting Officer. It does not, therefore, constitute a claim within the meaning of the Contracts Dispute Act, and the Court does not possess jurisdiction to consider it. In support of this motion, we rely upon the complaint, plaintiff's memorandum of facts and law, the appendix to plaintiff's motion, and the following brief.[1]

**QUESTION PRESENTED**

Whether the Court possesses jurisdiction to entertain a claim for damages under the Rescissions Act where this basis for recovery was neither submitted to the contracting officer in a certified claim pursuant to the Contract Disputes Act, nor raised in the Complaint?

---

[1] A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may be raised at any time. RCFC 12(h)(3); see also McCurty v. United States, 30 Fed. Cl. 108, 111 (1993). Additionally, in deciding a motion to dismiss pursuant to Rule 12(b)(1), the Court may properly consider evidentiary matters outside the pleadings. E.g., Indian Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985); Information Sys. & Networks Corp. v. United States, 17 Cl. Ct. 527, 529 (1989).

# STATEMENT OF THE CASE

## I. Nature Of The Case

This action concerns a timber sale contract that was awarded or transferred to plaintiff, Swanson Group, Inc., on October 31, 1996. On December 22, 2000, the Forest Service suspended Swanson's contracts in order to comply with an injunction issued by a Federal district court following the listing of the Oregon coastal coho salmon as an endangered species. The suspension of Swanson's contracts was lifted by the Forest Service on or before March 23, 2004.[2]

On July 12, 2004, pursuant to the Contract Disputes Act of 1978 ("CDA), 41 U.S.C. § 601 et seq., Swanson submitted a claim letter to Brenda Woodard, the Forest Service contracting officer, asserting various claims for compensation as a result of the suspension of the Whitecap timber sale contract. The contracting officer neither allowed nor denied Swanson's claim and it was deemed denied. On January 26, 2005, Swanson filed this action challenging the denial of its claim.

## II. Statement Of Facts

Swanson currently asserts in its motion for summary judgment that it is entitled to recover damages from the Government under the Rescissions Act, Public Law 104-19. Pl.'s Motion for Summary Judgment at 3-12 (filed April 4, 2006). However, Swanson's claim letter

---

[2]On December 12, 2001, the Forest Service informed Swanson that the preliminary injunction had been terminated and that Swanson could resume performance of the contract. This was based on the conclusion of the litigation in Alsea Valley Alliance v. Evans, 161 F. Supp. 1154 (D. Ore. 2001). Shortly thereafter, the Forest Service learned that the court's order in that case had been stayed pending appeal of the decision. Consequently, on December 28, 2001, the Forest Service was forced to inform Swanson that the Whitecap contract was again suspended.

with respect to the Whitecap contract contains no claim for relief under the Rescissions Act. See Pl.'s App. 93-112. Neither does the claim letter contain factual allegations necessary to show that the Whitecap contract is in any way affected by the Rescissions Act, or that Swanson is entitled to assert the provisions of the Rescissions Act as support for its claim that the United States breached the Whitecap timber sales contract. Id. Moreover, Swanson also failed to plead a claim under the Rescissions Act in the complaint that began this action.

## ARGUMENT

### I. Standard of Review

The United States Court of Federal Claims is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984) (table). Absent congressional consent to entertain a claim against the United States, the Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

A waiver of sovereign immunity, and thus consent to be sued, must be expressed unequivocally and cannot be implied. Library of Congress v. Shaw, 478 U.S. 310 (1986); United States v. King, 395 U.S. 1, 4 (1969). Any grant of jurisdiction to this Court must be construed strictly, and all conditions placed upon such a grant must be satisfied before the Court may accept jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980); Cosmic Constr. Co. v. United States, 697 F.2d 1389, 1390 (Fed. Cir. 1982). As the United States Court of Appeals for the Federal Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented by Congress." Fidelity Construction Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir.), cert. denied, 464 U.S. 826 (1983).

The provisions of the CDA constitute a limited waiver of sovereign immunity, and, as such, "the limitations and conditions under which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Id.; King, 395 U.S. at 3-5; Brookfield Construction Co., Inc. v. United States, 228 Ct. Cl. 551, 560, 661 F.2d 159, 165 (1981). Accordingly, the requirements of the CDA are jurisdictional prerequisites. W.M. Schlosser Co. v. United States, 705 F.2d 1336, 1338-39 (Fed. Cir. 1983).

To withstand a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, the plaintiff bears the burden of proving the allegations supporting jurisdiction. Alaska Pulp Corp. v. United States, 38 Fed. Cl. 141, 144 (1997); American Pacific Roofing Co. v. United States, 21 Cl. Ct. 265, 267 (1990) ("where the court's jurisdiction is put in question, plaintiff 'bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence'") (quoting Reynolds v. Army & Air Force Exchange Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)); accord Thomson v. Gaskill, 315 U.S. 442, 446 (1942). If a motion to dismiss for lack of subject matter jurisdiction challenges the truth of the jurisdictional facts alleged in the complaint, this Court may consider relevant evidence to resolve the disputed facts. Reynolds, 846 F.2d at 747; accord Thomson, 315 U.S. at 446 ("if a plaintiff's allegations of jurisdictional facts are challenged . . . , [it] bears the burden of supporting the allegations by competent proof"); see also Morris v. United States, 33 Fed. Cl. 733, 742 (1995).

## II. The Court Does Not Possess Jurisdiction To Entertain Swanson's Claims For Relief Under the Rescissions Act

In order to maintain an action pursuant to the CDA, a plaintiff must first certify and submit its claims to a contracting officer for a final decision. See 41 U.S.C. § 605(a). Upon obtaining the contracting officer's final decision, see 41 U.S.C. §§ 605, 609(a)(1), an action

challenging the decision may be filed in this Court. See 41 U.S.C. § 609(a)(3). Such an action, however, "may not raise any new claims not presented and certified to the contracting officer." Croman Corp. v. United States, 44 Fed. Cl. 796, 800 (1999) (quoting Sante Fe Engineers, Inc. v. United States, 818 F.2d 856, 858 (Fed. Cir. 1987)); see also Contract Cleaning Maintenance, Inc. v. United States, 811 F.2d 586, 592 (Fed. Cir. 1987) (it is a jurisdictional requirement that the contractor "submit in writing to the contracting officer a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim."). Indeed, "[i]t would subvert the statutory purpose of requiring contractors first to submit their claims to the contracting officer if plaintiffs were allowed first to submit a claim based on an unexamined factual premise and then permitted later to . . . set forth an altered factual basis for a claim before this court." Croman, 44 Fed. Cl. at 802.

In its claim letter, Swanson claims the Forest Service breached the Whitecap contract when it suspended the contract from December, 2000, and March, 2004. Pl.'s App. at 95. The bases for its position were that the Government had breached its duty to cooperate and not to hinder the contractor's operations; the Government had breached an express warranty in the contract; and the length of the suspension was unreasonable. Pl.'s App. at 105-106. However, at no point does Swanson allege the Rescissions Act as a basis for its claim that the Government breached its duties under the Whitecap contract. Nor does Swanson inform the contracting officer that the Whitecap contract satisfies the factual predicate necessary to be subject to the Rescissions Act. Swanson has deprived the contracting officer the opportunity to consider whether Swanson is entitled to relief under the Rescissions Act, and the Court, therefore, lacks jurisdiction to entertain this claim at trial. Scott Timber Co. v. United States, 333 F.3d 1358,

1365-66 (Fed. Cir. 2003); Spirit Leveling Contractors v. United States, 19 Cl. Ct. 84, 89-90 (1989).

## III. Swanson's Certified Claim Does Not Seek Relief Under the Rescissions Act

The Rescissions Act is contained within the Fiscal Year 1995 Emergency Supplemental Appropriations for Disaster Relief and Rescissions Act, Pub. L. 104-19, 109 Stat. 240 (1995). The part of this public law known as the "Rescissions Act" contains provisions concerning various categories of timber sales, including, as relevant here, expediting the award of timber sales covered in the President's Northwest Forest Plan, and exempting them from strict compliance with many environmental laws.. Pub. L. 104-19, Section 2001(d); 16 U.S.C. § 1611 note. See generally Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 829 (9th Cir. 1996). Petitioner now claims that the Whitecap timber sales contract was covered in the Northwest Forest Plan, and therefore falls within the provisions of the Rescissions Act. Pl.'s Motion for Summary Judgment at 10-12.

Essentially, Swanson now argues that the Rescissions Act made all environmental laws inapplicable to the Whitecap contract, and therefore when the Forest Service suspended the contract in response to the litigation brought by the Pacific Coast Federation of Fishermen's Associations ("PCFFA"), it did so incorrectly because the environmental laws could provide no legal basis for the suspension.[3] In support of this position, Swanson's motion sets out at some

[3]There were three suits brought by the PCFFA, a collection of organizations representing the interests of commercial fishermen, and environmental activists. In each of the lawsuits, PCFFA claimed that the Government had not properly investigated the environmental impact of certain timber contracts, and sought to enjoin completion of those contracts. Several timber companies, including Swanson (then d/b/a Superior Lumber, Inc.), intervened in these cases. See Pacific Coast Federation of Fishermen's Associations v. National Marine Fisheries Service, 1998 WL 198856 (W.D. Wash. 1998) ("PCFFA I"); Pacific Coast Federation of Fishermen's Associations v. National Marine Fisheries Service, 71 F. Supp.2d 1063 vacated in part and aff'd

length, a factual and legal predicate for establishing, according to plaintiff, that the Rescissions Act applies to the Whitecap contract and provides a basis for concluding that the Forest Service breached the contract when it suspended the contract. Few of the facts, and none of the arguments in Swanson's motion were raised in the claim letter to the contracting officer. Pl.'s App. at 93-112.

Swanson's claim letter simply does not mention the Rescissions Act as a basis for its allegations regarding the Government's supposed breach of the Whitecap contract. In the claim letter, Swanson states that the breach was caused by the Forest Service's "risky decision to nevertheless proceed with the Whitecap timber sale contract despite this failure [to ensure that the contract satisfied all environmental laws]." Pl's App. at 105. Swanson asserted to the contracting officer that the Forest Service should have made a more thorough environmental study of the area covered by the Whitecap contract, and the Service's supposed failure to do so caused the subsequent suspension of the contract, in order that the environmental studies could be completed properly. That suspension, according to Swanson, constituted a material breach of the Whitecap timber sales contract.

This claim is completely inconsistent with Swanson's current argument concerning the Rescissions Act, therefore nothing in the claim letter submitted to the contracting officer could possibly have put the Forest Service on notice that Swanson intended to claim relief under the Rescissions Act. To the contracting officer, Swanson argued that it was the Forest Service's

---

in part, 265 F.3d 1028 (9th Cir. 2001) ("PCCFA II"); Pacific Coast Federation of Fishermen's Associations v. National Marine Fisheries Service, Civ. No. 00-1757R (W.D. Wash. 2001) ("PCFFA III"). PCFFA III was not publicly reported.

failure to meet its environmental obligations that constituted a material breach, but now Swanson argues that the Forest Service had no environmental obligations to meet.

The operative facts alleged in the claim letter were that the Forest Service failed to perform sufficient environmental investigation, causing the contract to be suspended to allow a proper investigation to be completed. The operative facts needed to establish that the Rescissions Act applied to the Whitecap contract are different from those relied on by Swanson in its claim letter to the contracting officer, and were not contained in that letter. Comparing Swanson's claim letter to "Plaintiff's Proposed Findings of Uncontroverted Fact in Support of its Motion for Summary Judgment on the Issue of Liability in Case No. 05-171C ('Whitecap')" reveals that plaintiff's current position requires it to allege numerous facts different and additional to those asserted in the claim letter to the contracting officer. See Pl.s App. 93-112 and Plaintiff's Proposed Findings of Uncontroverted Fact in Support of its Motion for Summary Judgment on the Issue of Liability in Case No. 05-171C.

Swanson attempts to do what the Federal Circuit has said is not permitted. Scott Timber, 333 F.3d at 1365-66. Swanson is not merely alleging a new legal theory, it is alleging a completely new factual basis for the claim, and one that completely contradicts the factual basis raised in the complaint to the contracting officer.

There can be no doubt that Swanson was aware of the facts that it now relies on to establish a claim under the Rescissions Act at the time it filed its claim with the contracting officer. As noted above, Swanson, which was then doing business as Superior Lumber Co.,[4] was one of the timber companies that intervened in PCFFA I, which involved analysis of the

[4] Complaint, ¶ 3.

Rescissions Act. Pacific Coast Federation of Fishermen's Associations v. National Marine Fisheries Service, 1998 WL 1988556 (W.D. Wash. 1988) FN 6.

Thus Swanson was aware, as early as 1998, of the Rescissions Act and the facts it would have to allege in order to claim relief under it. Nevertheless, in the claim letter, Swanson did not assert any facts about the particular origin of the Whitecap contract, much less certify a claim that the Rescissions Act provides a basis for establishing the Government's breach of that contract. Pl.'s App. at 93-112. Consequently, Swanson could have, but failed to, submit "a clear and unequivocal statement that put the contracting officer on sufficient notice of the basis for the claim currently before the court," Croman, 44 Fed. Cl. at 801 (citing Contract Cleaning, 811 F.2d at 592). The Court is therefore without jurisdiction to entertain Swanson's claim under the Rescissions Act. SMS Data Products Group, Inc. v. United States, 19 Cl. Ct. 612, 617 (1990).

Furthermore, Swanson failed to raise a claim under the Rescissions Act in its complaint, therefore, it has failed, ab initio, to put this claim at issue. While RCFC 8 does not require any "technical forms of pleading or motions" it does require that the complaint set out "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8 (a), (e)(1). Swanson did not include any such statement in its complaint and therefore failed to provide adequate notice of the Rescissions Act claim to the Government. Id.

Plaintiff may not raise it now, for the first time, in a motion for summary judgment. On-Line Technologies, Inc. v. Bodenseewerk Perkin-Elmer GMBH, 386 F.3d 1133, 1146 (Fed. Cir. 2004); Lombard v. MCI Telecommunications Corp., 13 F. Supp.2d 621, 626 (N.D. Ohio 1998), *citing* Day v. Sullivan, 794 F. Supp. 801, 812 (S.D. Ohio 1991), *affirmed in relevant part sub nom* Day v. Shalala, 23 F.3d 1052 (6th Cir. 1994) ("plaintiffs may not use a summary judgment motion to raise a claim they did not plead in their complaint").

In sum, Swanson cannot establish that this Court has jurisdiction to consider its claim under the Rescissions Act. The claim was not presented to the contracting officer as required by the Contract Disputes Act, and it was not raised in the complaint, as required to put the Government on notice of the claim under RCFC 8(a).

**CONCLUSION**

For these reasons, the United States respectfully requests that the Court dismiss for lack of jurisdiction Swanson's motion for summary judgment on the Whitecap timber sales contract.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director
s/ JOAN M. STENTIFORD

JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-0341
Attorneys for Defendant

OF COUNSEL:

Marcus Wah
Associate Regional Attorney
USDA-OGC, Pacific Region
1734 Federal Building
1220 S.W. Third Avenue
Portland, Oregon 97204-2825

Dated May 4, 2006