# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SWANSON GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-170C |
| | ) | consolidated with 05-171C |
| THE UNITED STATES, | ) | (Senior Judge Loren A. Smith) |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS MOTION FOR SUMMARY JUDGMENT FOR LACK OF JURISDICTION, REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S MOTION FOR A STAY

Gary G. Stevens
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

Of Counsel:

Richard W. Goeken
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: May 11, 2006

# TABLE OF CONTENTS

**PAGE**

Table of Authorities ........................................................................................................ i

Introduction........................................................................................................................1

I. Defendant Has Mischaracterized Its Response To Plaintiff's Motion For Summary Judgment As A Motion To Dismiss ................................................1

II. Defendant Misconstrues Plaintiff's Cause Of Action As "Seeking Relief Under The Rescissions Act" ..........................................................4

III. Plaintiff May Assert Alternative Legal Theories To Support Its Claim..................................................................................................5

Conclusion .......................................................................................................................15

## TABLE OF AUTHORITIES

**CASES** **PAGE**

Ace Constructors, Inc. v. United States,
70 Fed.Cl. 253 (2006) ........................................ 8

Alaska Pulp Corp. v. United States,
48 Fed.Cl. 655 (2001) ........................................ 7

Cerberonics, Inc. v. United States,
13 Cl.Ct. 415 (1987) ........................................ 8

Croman Corp. v. United States,
44 Fed.Cl. 796 (1999) ........................................ 2, 11

Day v. Sullivan,
794 F.Supp. 801 (S.D. Ohio 1991) ........................................ 2

Engineered Demolition, Inc. v. United States,
__ Fed.Cl. __, 2006 WL 786926 (Mar. 28, 2006) ........................................ 8

Farmers Grain Co. of Esmond v. United States,
33 Fed.Cl. 298 (1995) ........................................ 8

Lombard v. MCI Telecommunications Corp.,
13 F.Supp.2d 621 (N.D. Ohio 1991) ........................................ 2

Moyer v. United States,
190 F.2d 1314 (Fed.Cir. 1999) ........................................ 9

On-Line Technologies, Inc. v. Bodenseewerk Perkin-Elmer, GMBH,
386 F.3d 1133 (Fed.Cir. 2004) ........................................ 2

Pacific Coast Federation of Fishermen's Associations v. National Marine Fisheries Service,
1998 WL 1988556 (W.D. Wash. 1998) ........................................ 12

Pacific Coast Federation of Fishermen's Associations v. National Marine Fisheries Service,
71 F.Supp.2d 1063 (W.D. Wash. 2001), vacated in part and aff'd in part, 256 F.3d 1028 (9th Cir. 2001) ........................................ 12

Reynolds v. Army & Air Force Exch. Serv.,
846 F.2d 746 (Fed.Cir. 1988) ........................................ 7

Scheuer v. Rhodes,
416 U.S. 232 (1974), overruled on other grounds, Harlow v. Fitzgerald,
457 U.S. 800 (1982) .......... 7

Scott Timber Co. v. United States,
333 F.3d 1358 (Fed.Cir. 2003) .......... *passim*

SMS Data Products Group, Inc. v. United States,
19 Cl.Ct. 612 (1990) .......... 7

States Roofing Corp. v. United States,
70 Fed.Cl. 299 (2006) .......... 7

ThermoCor, Inc. v. United States,
35 Fed.Cl. 480 (1996) .......... 7

**STATUTES AND REGULATIONS**

16 U.S.C. § 1531 et seq. .......... 5, 10, 11, 13

41 U.S.C. § 601 et seq. .......... 6, 13, 14

RCFC 7(a) .......... 2

RCFC 8(a)(2) .......... 6

RCFC 8(f) .......... 14

RCFC 12(b)(1) .......... 1, 2, 3, 7

RCFC 15(a) .......... 7

**Introduction**

As a procedural matter, the Rules of the Court of Federal Claims ("RCFC") do not provide for a motion for summary judgment to be the subject of a stand-alone motion to dismiss. Defendant's so-called Motion to Dismiss Plaintiff's Motion for Summary Judgment for Lack of Jurisdiction ("Motion to Dismiss") is simply a response to Swanson Group, Inc.'s ("Swanson") Motion for Summary Judgment on the Issue of Liability ("Motion for Summary Judgment") that raises a single jurisdictional argument and, despite defendant's attempt to disguise it, its motion should be treated as such.

Moreover, as demonstrated below, defendant's jurisdictional argument both misconstrues plaintiff's cause of action before this Court and is contrary to the law of this Circuit. Accordingly, because the sole argument raised by defendant in opposition to plaintiff's Motion for Summary Judgment fails both procedurally and substantively as a matter of law, this Court should grant plaintiff's Motion for Summary Judgment on the issue of liability.

**I. Defendant Has Mischaracterized Its Response To Plaintiff's Motion For Summary Judgment As A Motion To Dismiss.**

Defendant purports to have brought its Motion to Dismiss plaintiff's Motion for Summary Judgment pursuant to Rule 12(b)(1) of the RCFC. However, the RCFC do not provide for a motion to dismiss to be filed in response to a motion for summary judgment. RCFC 12(b)(1) provides in pertinent part that:

> Every defense, in law or fact, <u>to a claim for relief in any pleading</u>, whether a claim, counterclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the

> option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter. . . .

Emphasis supplied. Moreover, RCFC 7(a) identifies the only pleadings that are allowed in this Court:

> **Rule 7. Pleadings Allowed; Form of Motions.**
> **(a) Pleadings.** There shall be a complaint and an answer; if the answer contains a counterclaim of offset or a plea of fraud, there shall be a reply thereto. There shall be such third-party pleadings as are permitted by RCFC 14. No other pleading shall be allowed, except that the court may order a reply to an answer or to a third-party complaint.

Emphasis supplied. Plainly, plaintiff's Motion for Summary Judgment is not a pleading and therefore not subject to a motion to dismiss under RCFC 12(b)(1).

The cases cited by defendant with respect to the standards for addressing a motion to dismiss involve motions to dismiss a complaint, not a motion for summary judgment. See Motion to Dismiss at 4, and cases cited therein.[1] Defendant has not provided this Court with

---

[1]Moreover, defendant cites just three cases for the proposition that a plaintiff may not raise a claim for the first time at summary judgment. See Motion to Dismiss at 9. However, in opposing a plaintiff's motion for summary judgment in those cases, none of the defendants filed a stand-alone Rule 12(b)(1) motion to dismiss as defendant has done here, but rather each raised the issue as part of a larger response to plaintiff's motion for summary judgment or a cross-motion of their own. On-Line Technologies, Inc. v. Bodenseewerk Perkin-Elmer, GMBH, 386 F.3d 1133, 1146 (Fed.Cir. 2004) (non-CDA patent case addressing comprehensive cross-motions for summary judgment); Lombard v. MCI Telecommunications Corp., 13 F.Supp.2d 621, 626 (N.D. Ohio 1991) (Defendant raised jurisdictional argument to non-CDA breach of contract claim presented in plaintiff's summary judgment via a comprehensive cross-motion for summary judgment); Day v. Sullivan, 794 F.Supp. 801, 812 (S.D. Ohio 1991) (Addressing cross-motions for summary judgment brought with respect to non-CDA claims made under the Social Security Act). In this regard, see also Scott Timber Co. v. United States, 333 F.3d 1358, 1364 (Fed.Cir. 2003) (defendant's jurisdictional defense to a breach of timber contract claim under the CDA raised in the context of a cross-motion for summary judgment); Croman Corp. v. United States, 44 Fed.Cl. 796, 797-98 (1999) (In response to plaintiff's motion for summary judgment, defendant filed a combined cross-motion for summary judgment and motion to dismiss). Thus, all of these cases support plaintiff's contention here that defendant must present whatever

authority for the proposition that the Court that may consider a stand alone 12(b)(1) Motion to Dismiss that is directed at a motion for summary judgment and, as just demonstrated, the rules of this Court are to the contrary. Because plaintiff's Motion for Summary Judgment is a motion and not a pleading and therefore may not properly be the subject of a motion to dismiss, defendant's motion should be treated as a response to plaintiff's Motion for Summary Judgment.

This point is of more than merely academic interest. Defendant has been in possession of Swanson's Motion for Summary Judgment since March 22, 2006, when it was filed and served on the government electronically in the consolidated Whitecap case, No. 05-171C. At the Court's request, Swanson re-filed its motion electronically under the Benchmark case, No. 05-170C, on April 4, 2006, and defendant was given an additional 28 days to respond from the date of the re-filing. Defendant then waited until the 27th day , i.e., one day before its response to the Motion for Summary Judgment was due, to file its so-called Motion to Dismiss. It is difficult to believe that defendant could not have raised its jurisdictional "concerns" considerably earlier or, given the time that has passed, that defendant could not have presented all of its substantive defenses, if it had any, along with its jurisdictional argument in a single response to plaintiff's motion. Instead, it did neither, but only now files an improper, stand-alone Motion to Dismiss plaintiff's motion coupled with a motion for a stay and a request for an enlargement of at least 30 more days within which to file other responses to plaintiff's motion.

---

arguments it may have in opposition to a motion for summary judgment in a single response or cross-motion for summary judgment and not via a stand-alone Rule 12(b)(1) motion to dismiss. This is particularly the case here where defendant is simultaneously seeking to reserve the right to submit further defenses to the Motion for Summary Judgment at some later date.

Defendant's motions are a thinly disguised attempt to seek protracted, seriatim resolution of whatever defenses the government may have to Swanson's Motion for Summary Judgment as well as to obtain *de facto* enlargements of time to respond further to plaintiff's motion. The Court should simply treat defendant's motion as what it is: defendant's sole defense in opposition to plaintiff's Motion for Summary Judgment. For the reasons set below, this defense is wholly without merit and should be rejected.[2]

**II. Defendant Misconstrues Plaintiff's Cause Of Action As "Seeking Relief Under The Rescissions Act."**

In addition to being procedurally improper, defendant's jurisdictional argument is premised on a strawman, i.e., that plaintiff's Motion for Summary Judgment "seeks relief under the Rescissions Act." See, e.g., Motion to Dismiss at 1 ("Question Presented") and 5 ("Swanson has deprived the contracting officer the opportunity to consider whether Swanson is entitled to relief under the Rescissions Act, and the Court, therefore, lacks jurisdiction to entertain this claim at trial"). Defendant's contention is transparently false. The instant case is bought under the Contract Disputes Act and seeks recovery of the damages Swanson sustained due to the Forest Service's breach of the Whitecap contract. Plaintiff's consistent claim at all times in this case and in its Motion for Summary Judgment is that the Forest Service's suspension of the Whitecap contract from December 22, 2000 to March 23, 2004 breached the terms of that contract. This claim is made expressly in plaintiff's Motion for Summary Judgment. See, e.g., Motion for Summary Judgment at 13-14 ("Swanson respectfully requests that the Court enter an

[2] Plaintiff opposes defendant's motion for a stay and defendant's request for 30 days from the Court's decision on defendant's motion for a stay within which defendant must file any further response to plaintiff's Motion for Summary Judgment.

order finding that the Forest Service's suspension of the Whitecap timber sale contract breached the terms of that contract. . . ."); accord id. at 12.

At no time has plaintiff argued that it is entitled to recover damages under the Rescissions Act as defendant claims. Rather, plaintiff's argument regarding the Rescissions Act is that the Act, as a matter of law, removed the Forest Service's obligation to comply with the Endangered Species Act, 16 U.S.C. § 1531 et seq. ("ESA"), and therefore the Forest Service's protracted suspension of Whitecap to comply with the ESA breached the Forest Service's contractual duties to cooperate with and not to hinder Swanson's harvest of timber under the contract. See, e.g., Motion for Summary Judgment at 12. Accordingly, for the obvious reason that Swanson does not "seek relief under the Rescissions Act," defendant's argument that plaintiff's claim letter does not "seek relief under the Rescissions Act" should be rejected.

**III. Plaintiff May Assert Alternative Legal Theories To Support Its Claim.**

Defendant further argues that because Swanson did not expressly raise the Rescissions Act's effect as an alternative legal theory in its claim letter or the complaint, plaintiff is now barred jurisdictionally from doing so in its motion for summary judgment. However, the law of the Federal Circuit is squarely against defendant on this point.[3]

As noted above, the basis for plaintiff's claim for relief has consistently been that the Forest Service's suspension of the Whitecap timber sale contract from December 2000 to March

[3] This fact may explain why defendant felt it necessary to misstate plaintiff's claim as being brought under the Rescissions Act.

2004 breached the terms of that contract. In the second sentence of its claim letter Swanson stated: "This claim is for damages incurred by Swanson as a direct result of the Forest Service's suspension of the Whitecap timber sale contract, which constituted a material breach of the contract." Appendix to Plaintiff's Motion for Summary Judgment ("P1. App.") 93; see also P1. App. 95 ("The Forest Service's suspension of performance constituted a breach of its implied duties to cooperate and not to hinder our performance and a breach of the Whitecap timber sale contract").

This same claim has been presented in the complaint filed under the notice pleading standard endorsed by this Court. RCFC 8(a)(2) ("a pleading shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"); see also Case No. 05-171C, Docket Entry #1, Complaint at p. 5 ("This action arises out of the Forest Service's deemed denial of Swanson's claim under the Contract Disputes Act, 41 U.S.C. § 601 et seq. ("CDA"), for breach of the Forest Service's Whitecap timber sale contract, Contract No. 086931"); Complaint at p. 13 ("plaintiff respectfully requests that this Court rule that the Forest Service breached the Whitecap timber sale contract by wrongfully suspending the Whitecap timber sale"). Moreover, the complaint filed by Swanson in this Court seeks the same categories of breach of contract damages and precisely the same quantum of recovery as is presented in the claim letter.

Compare Complaint ¶¶ 39, 45 with Pl. App. 110.[4] Of course, here, defendant's motion is not directed to Swanson's complaint but only to plaintiff's Motion for Summary Judgment.[5]

Plaintiff's Motion for Summary Judgment with respect to the Rescissions Act simply presents an alternative legal theory demonstrating that the Forest Service's suspension of the Whitecap contract was a breach of that contract. Swanson's assertion of alternative legal theories under the same "set of operative facts" is entirely appropriate. Scott Timber, Co. v. United States, 333 F.3d 1358, 1365 (Fed.Cir. 2003), accord Alaska Pulp Corp. v. United States, 48 Fed.Cl. 655, 669 (2001) ("We allow legal theories arising from the same set of 'operative facts' as those pled"); ThermoCor, Inc. v. United States, 35 Fed.Cl. 480, 489 (1996) ("[I]t would

[4]This fact alone distinguishes defendant's reliance on SMS Data Products Group, Inc. v. United States, 19 Cl.Ct. 612, 615 (1990), where the court found that the contractor's failure to indicate that it was seeking lost profits precluded the court from exercising jurisdiction of that aspect of plaintiff's damages at summary judgment. Moreover, it is clear from the reasoning of the court that it lacked jurisdiction was due to the fact that the lost profits claim was based on a new set of operative facts:

> Plaintiff's compensatory damages claim involved proof of circumstances beyond HHS's control which rendered the contract obsolete or impracticable. Plaintiff's lost profits claim, however, involves proof that HHS willfully obstructed performance. By seeking lost profits, plaintiff asserts that HHS intentionally or maliciously breached its agreement.

Id. at 616.

[5]Even if defendant were to challenge the complaint, it is blackletter law in rendering a decision on a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) that this Court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. States Roofing Corp. v. United States, 70 Fed.Cl. 299, 300-01 (2006), citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed.Cir.1988). Even if plaintiff were required to plead allegations pertaining to the Rescissions Act with greater specificity, the complaint could simply be amended pursuant to RCFC 15(a) and there is certainly no basis for dismissing its Motion for Summary Judgment on these grounds.

be very disruptive to a court's procedures if theories, developed as a result of pretrial proceedings including discovery, had to be submitted to the contracting officer before the court could render a final decision on a claim); Cerberonics, Inc. v. United States, 13 Cl.Ct. 415, 417-18 (1987) ("If a complaint brought here is based on the same set of operative facts underlying the claim presented to the contracting officer, then this court has jurisdiction under the CDA").[6] Because the Federal Circuit's decision in Scott Timber is both binding on this Court and involves a virtually identical situation as that presented to this Court, it will be discussed in some detail.

In Scott Timber, the contractor filed a motion for summary judgment that raised entirely new legal theories that had not been presented in the claim letters, including breach of a contractual warranty, entitlement to damages under a clause of the contract and objections to the Forest Service's preparation and administration of timber sale contracts. Id. Even though the claim letters had not referenced these legal theories, the Federal Circuit held that because the contracting officer was on notice that Scott's breach of contract claims were based on a prolonged and allegedly unauthorized suspension, the new legal theories supporting Scott's claim that the suspension was a breach need not have been presented in the claim letter. Id. at

[6]Defendant ignores cases decided after Scott Timber which utilize the "same set of operative facts" test to find jurisdiction where, as here, the contractor asserts new legal theories that were not directly presented to the contracting officer. See, e.g., Engineered Demolition, Inc. v. United States, __ Fed.Cl.__, 2006 WL 786926 at *8 (Mar. 28, 2006) ("Under the CDA, alternative arguments may be raised in this court even though not presented to the contracting officer," citing Farmers Grain Co. of Esmond v. United States, 33 Fed.Cl. 298, 300 (1995)); accord Ace Constructors, Inc. v. United States, 70 Fed.Cl. 253, 266 (2006).

1365-66.[7] Similarly, here, Swanson has not alleged a new set of operative facts, but rather has simply presented an alternative legal theory that applies the same set of operative facts and which establishes that the suspension was a breach of contract as a matter of law.

Defendant further complains that the claims presented in the claim letter are "inconsistent with Swanson's current argument concerning the Rescissions Act . . . . " Motion to Dismiss at 7. To the extent this is true, it is irrelevant. As noted, Scott Timber held that the introduction of new legal theories during the course of the litigation, including breach of a contractual warranty, entitlement to recover damages under a clause of the contract and objections to the Forest Service's preparation and administration of timber sale contracts, was proper. Scott Timber, 333 F.3d at 1365-66. Obviously, these new theories of liability are not necessarily compatible with one another, let alone with the other legal theories that had been originally advanced in the claim letters. Nevertheless, the Federal Circuit agreed with the Court of Federal Claims that the court had jurisdiction over these new and "inconsistent" claims as they all had been offered in support of plaintiff's primary factual contention that the Forest Service's suspension of the timber sale contracts breached the terms of those contracts. Because exactly the same situation is presented here, defendant's jurisdictional argument should be rejected.

Defendant also argues that Swanson has alleged "a completely new factual basis" for its claims in support of its Motion for Summary Judgment and therefore this Court is precluded from exercising jurisdiction over that motion. Motion to Dismiss at 8. However, the facts

[7]Because defendant raised an argument related to the court's jurisdiction on appeal, the Federal Circuit engaged in *de novo* review of the trial court's legal determination that it had jurisdiction. Id. at 1365, citing Moyer v. United States, 190 F.2d 1314, 1318-19 (Fed.Cir. 1999).

referenced in Swanson's Motion for Summary Judgment which pertained to the Rescissions Act and which are not referenced in Swanson's claim letter or complaint are for the most part background facts not critical to Swanson's motion. The gravamen of Swanson's motion is that the Whitecap sale complied fully with the ESA as a matter of law under the Rescissions Act, and therefore suspension of Whitecap in order to insure compliance with the ESA was not justified. In order to prevail under this legal theory, it is not necessary to allege any acts or omissions by the Forest Service in its environmental analysis but only that the Forest Service wrongfully suspended the Whitecap sale because of purported concerns regarding compliance with the ESA when there was no legal necessity for it do so. Thus, the same set of operative facts; namely, the wrongful suspension of the Whitecap sale, underlies both the basic claim raised in Swanson's claim letter and the complaint, and the Rescissions Act argument which Swanson makes in its Motion for Summary Judgment.

The government unsuccessfully made a similar argument in Scott Timber. In Scott Timber, the plaintiff put the contracting officer on notice that a suspension had breached plaintiff's contracts and then alleged new breach theories in a motion for summary judgment that included a breach of warranty. Scott Timber, 333 F.3d at 1365. Because the warranty theory was new, the contract provisions containing the warranty and the actions that plaintiff contended breached that warranty had not been presented to the contracting officer in support of a breach of warranty theory and these new facts were asserted for the first time at summary judgment. Nevertheless, the Federal Circuit affirmed the trial court's exercise of jurisdiction over the breach of warranty argument because it was premised on the same set of operative facts, i.e., that the suspension had been a breach of contract. Id. Obviously, the relevant inquiry here, as in

Scott Timber, is not whether any new facts have been alleged, but whether a completely new set of operative facts has been alleged. As Scott Timber makes clear, where, as here, the plaintiff has put the contracting officer on notice that a suspension resulted in a breach of contract, additional legal theories in support of these operative facts are appropriate and may include additional supporting facts.

This point is demonstrated by Croman Corp., 44 Fed.Cl. at 800, a case which defendant relies upon heavily in its Motion to Dismiss. In Croman Corp., the contractor submitted a claim letter and complaint alleging that the suspension of a timber sale contract had been caused by the listing of a new species under the ESA and then moved for summary judgment based on a wholly separate suspension that began months before the species was even listed and which had not been identified in the claim letter or the complaint. The court ruled that this change in the cause of and the start date of the suspension resulted in a new set of operative facts being alleged and, therefore, it lacked jurisdiction. Id. Such is not the case here, where Swanson's Motion for Summary Judgment merely applies an alternative legal theory of breach of contract to precisely the same suspension that it alleged was a breach in its claim letter and complaint. This is exactly the situation addressed and resolved in favor of the contractor in Scott Timber and this Court, therefore, has jurisdiction over the single legal issue presented in plaintiff's Motion for Summary Judgment.[8]

---

[8]To the extent that Croman Corp., which is not binding on this Court, and which was decided years before the Federal Circuit's ruling in Scott Timber, can be read to be in conflict with Scott Timber, the Federal Circuit's ruling is, of course, controlling.

Defendant also asserts that Swanson "intervened" in three lawsuits brought by certain environmental groups alleging that the government had not properly investigated the environmental impact of certain timber sales and that this intervention supports defendant's Motion to Dismiss plaintiff's Motion for Summary Judgment. Motion to Dismiss at 6 n.3. This is not correct. Although Superior Lumber Co. (which subsequently become part of Swanson) did intervene in the first of these lawsuits, i.e., Pacific Coast Federation of Fishermen's Associations v. National Marine Fisheries Service, 1998 WL 1988556 (W.D. Wash. 1998) (PCFFA I), and the Rescissions Act was mentioned briefly in a footnote to that opinion, there is no indication that the Whitecap sale was implicated by PCFFA I. Moreover, contrary to defendant's assertion, neither Superior Lumber Co. nor Swanson intervened in either of the two subsequent cases. See Pacific Coast Federation of Fishermen's Associations v. National Marine Fisheries Service, 71 F.Supp.2d 1063 (W.D. Wash. 2001), vacated in part and aff'd in part, 265 F.3d 1028 (9th Cir. 2001) (PCFFA II); Pacific Coast Federation of Fishermen's Associations v. National Marine Fisheries Service, Civ. No 00-1757R (W.D. Wash.). Significantly, the suspension at issue in the instant case arose following the issuance of an order in PCFFA II, dated December 7, 2000. See Complaint at ¶ 29. Thus, PCFFA I, which was decided in 1998, did not impact Whitecap, and the order dated December 7, 2000 pursuant to which the Forest Service claimed to suspend Whitecap was issued in a separate lawsuit in which neither Swanson (nor Superior Lumber Co.) were parties. Accordingly, defendant's contentions in support of its claim that "Swanson was aware, as early as 1998, of the Rescissions Act and the facts it would have to allege in order to claim relief under it" are inaccurate.[9] Motion to Dismiss at 9.

[9]The more pertinent question, which is the focus of Swanson's Motion for Summary Judgment and which is studiously avoided by the government, is why, after the court in PCFFA I

Moreover, the degree of Swanson's awareness of the Rescissions Act and its relationship to the Whitecap sale is irrelevant. The Forest Service was a government agency directly obligated to follow the Rescissions Act and apply it correctly to sales such as Whitecap. Even if plaintiff did not expressly reference the Rescissions Act in its claim letter or in its complaint, this does not absolve the Forest Service from its obligation or bar plaintiff from raising this alternatively legal theory in its Motion for Summary Judgment.

Finally, it is important to recall that the foundation of defendant's argument is that the contracting officer was "deprived" of the opportunity provided to her under the CDA to consider Swanson's legal theory based on the Rescissions Act. Motion to Dismiss at 3. Again, however, the same argument was made and rejected in virtually identical circumstances in Scott Timber. Id. at 1365-66 (Scott's multiple new and alternative legal theories raised in its summary judgment motion did not subvert the statutory purpose of presenting the contractor's entire claim to the contracting officer because "Scott gave the CO clear notice of a purported breach of contract based on the prolonged and allegedly unauthorized suspension"). Here, defendant concedes that Swanson gave the contracting officer virtually identical notice of the breach as was presented to the contracting officer in Scott Timber. See Motion to Dismiss at 5 ("In its claim letter, Swanson claims the Forest Service breached the Whitecap contract when it suspended the contract from December 2000 to March 2004). Nothing more is required under the CDA.

---

determined that contracts subject to the Rescissions Act were not subject to the ESA, did the Forest Service two years later suspended the Whitecap sale pursuant to an order issued under the ESA?

In addition, in this case the contracting officer repeatedly failed and refused to issue a final decision on Swanson's Whitecap claim and so as a practical matter was not "deprived" of considering the impact of the Rescissions Act on that claim. The contracting officer was provided with Swanson's Whitecap claim letter on July 12, 2004 and, as provided for by the CDA, was obliged to provide a final decision within 60 days. Complaint at ¶ 5. However, for approximately seven months thereafter, the contracting officer periodically issued letters extending its deadline for providing a final decision. Id. at ¶¶ 6-11. At no time did the contracting officer ever resolve any aspect of Swanson's claim. Id. Ultimately, Swanson filed the instant action on January 26, 2005 based on the deemed denial of the claim. See id. at ¶ 12. Defendant's contention that the contracting officer should have been afforded an opportunity to pass on Swanson's Rescissions Act legal theory would not have occurred anyway.[10]

Giving the Forest Service an opportunity once again to delay resolution of this dispute by forcing Swanson to submit a second claim letter and then amend its complaint in this action would be a futile and meaningless act. See RCFC 8(f) ("All pleadings shall be so construed so as to do substantial justice"). Plaintiff respectfully submits that this Court should not impose meaningless hurdles on Swanson, who clearly identified the operative facts surrounding its breach of contract claim to the contracting officer in a manner fully consistent with the CDA and the binding law of this Circuit, waited patiently for months while the contracting officer

[10]Moreover, the Forest Service, as a government agency charged with applying the Rescissions Act to timber sales, could and should have been aware of the Act's applicability to Whitecap, and therefore the Forest Service actually had ample opportunity to address this point when Swanson filed its claim letter, if the Forest Service had so desired. Defendant has failed to allege any prejudice that could have arisen from this Court retaining jurisdiction over and deciding the Rescissions Act argument.

repeatedly postponed taking final action on that claim, and now has diligently striven to have its breach claim resolved in this tribunal.

**Conclusion**

In light of the foregoing, Swanson respectfully requests that the Court treat defendant's "Motion to Dismiss" as what it is: the only timely response that defendant offered to plaintiff's Motion for Summary Judgment. Defendant's Motion for a Stay should be denied as dilatory, and defendant should not be given 30 more days to make further filings in opposition to plaintiff's Motion for Summary Judgment.[11] Because defendant's jurisdictional argument is unavailing, Swanson also respectfully requests that the Court grant Swanson's Motion for Summary Judgment.

Respectfully submitted,

s/Gary G. Stevens

SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

[11] If for any reason defendant is afforded an opportunity to file anything further in response to plaintiff's Motion for Summary Judgment, plaintiff respectfully requests that it be granted a right to reply.

OF COUNSEL:

Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: May 11, 2005