**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SWANSON GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05-170C |
| v. | ) | consolidated with 05-171C |
| | ) | (Judge Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY BRIEF**

I. This Court Does not Possess Jurisdiction to Hear the Only Claim Raised in the Motion for Summary Judgment, Therefore a Motion to Dismiss is not Only Proper, but Necessary

The motion for summary judgment raises only one claim; that the plaintiff is entitled to summary judgment based on the Rescissions Act. 16 U.S.C. § 1611(note). This claim was not raised in plaintiff's certified claim to the contracting officer, nor was it pled in plaintiff's complaint, and it requires the establishment of facts not previously alleged. Therefore, this Court does not possess jurisdiction over the claim and it should be dismissed.[1]

A. The Government is Entitled to Raise Lack of Jurisdiction as a Bar to Swanson's Motion for Summary Judgment

A motion to dismiss Swanson's motion for summary judgment is a proper response here where the Court does not possess jurisdiction over the only basis alleged for summary judgment, the summary judgment motion is not based on the

[1]The Government notes that Swanson did not file a formal response to the Government's motion to stay consideration of the motion for summary judgment. Swanson merely stated, in a footnote in its responsive brief, that it opposes the motion to stay. The Government's motion should, therefore, be granted as unopposed. Moreover, even if the Court considers the footnote a sufficient response, Swanson provided no grounds nor authority for denying the Government's motion and it should, therefore, be granted.

claim for relief set out in the complaint, and deals with only one of the two complaints in this consolidated case. A motion to dismiss the entire case is not called for, and an opposition dealing with the merits of the summary judgment motion is not necessary. Plaintiff is the moving party. The Government can only respond to the arguments that plaintiff makes; it cannot improve on them. Had the motion for summary judgment raised any claim over which the Court possessed jurisdiction, the Government would have dealt with the merits of whatever claim the Court possessed jurisdiction to consider and sought dismissal of any claim based on the Rescissions Act.

As it is, however, plaintiff raised only a claim over which the Court lacks jurisdiction. Subject matter jurisdiction is a threshold issue and can be raised at any time; the Court cannot proceed until it is established that the Court has subject matter jurisdiction. <u>Aleman Food Services, Inc. V. United States</u>, 24 Cl. Ct. 345, 347 (1991). Until it is clear that this Court possesses jurisdiction over a claim, there is no need for either the Court or the Government to spend time and resources responding to the merits of the purported claim.

Plaintiff argues that by filing a motion to dismiss instead of an opposition to the motion for summary judgment, the Government has given up the chance to challenge any of the facts set forth in plaintiff's statement of uncontroverted facts. While it is true that in ruling on a motion to dismiss the Court is obligated to assume all of plaintiff's factual allegations to be true and to draw all reasonable inferences in plaintiff's favor, the moving party does not concede the facts for all purposes. <u>Lewis v. United States</u>, 67 Fed. Cl. 158 , 161-62 (2005). <u>Accord</u> <u>Scheuer v. Rhodes</u>, 416

U.S. 232, 236-37 (1974); Conley v. Gibson, 355 U.S. 41 45-46 (1957); RCFC 12(b)(1) and (b)(6). Given the standard for motions to dismiss, the Government could not both file a motion to dismiss and address the statement of uncontroverted facts as Swanson argues we should have done. If the motion to dismiss is not granted, Swanson will be obligated to prove its case in accordance with the applicable burden of proof, and the Government will be entitled to prepare an opposition to the motion for summary judgment. Far from seeking protracted, seriatim resolution of this case, as Swanson claims in its motion, the Government sought the most efficient means of disposing of the motion: a ruling that the Court does not possess jurisdiction over the summary judgment claim. It would be a waste of judicial resources to put before the Court facts and argument that it does not possess jurisdiction to consider. If the Court here somehow determines that it does possess jurisdiction over plaintiff's Rescission Act argument, at that time the Government will address the merits of the argument, and the facts alleged in support thereof.[2]

B. Plaintiff May Not Raise a Claim for the First Time On Summary Judgment

Swanson does not deny that it raised a claim under the Rescissions Act for the first time in its summary judgment motion, nor does it cite any authority contrary

[2]The idea that the Government had this motion for an inordinately long amount of time is without merit. Plaintiff apparently filed the motion originally on March 22, 2006, but was then required to re-file it on April 4, 2006. This case was transferred to undersigned counsel for the Government on April 11, 2006, two weeks after she started working in this office. The Government filed its motion to dismiss on May 4, 2006, one day before the Court-ordered deadline for responding to plaintiff's motion.

to that cited by the Government. Swanson may not raise a claim for the first time on summary judgment, and the mere fact that the Government asserted this in a motion to dismiss does not somehow provide the plaintiff with any authority to do so. On-Line Technologies Inc. v. Bodenseewerk Perkin-Elmer, GMBH, 386 F.3d 1133, 1146 (Fed. Cir. 2004).

Other courts have reached the same conclusion. In OTA Ltd. Partnership v. Forecenergy, Inc., 237 F. Supp.2d 558, 561 n.3 (E.D. Pa. 2002), the court held that summary judgment was too late for the plaintiff to raise a new claim that was not set out in the complaint. Similarly, in Bulkoski v. Bacharach, Inc., 1 F. Supp.2d 484, 487 (W.D. Pa. 1997), the court held that the plaintiff could not change his theory of the case, thereby amending the complaint, at the summary judgment stage.[3] Finally, in Speziale v. Bethlehem Area School District, 266 F. Supp.2d 366, 371 n. 3 (E.D. Pa 2003), the court held that plaintiff could not raise a new argument at summary judgment that was not included in the complaint.

Swanson's argument that the Government cannot move to dismiss the motion for summary judgment is not well founded. As noted above, the Government filed a motion to dismiss, and not a cross-motion for summary judgment, because this Court lacks jurisdiction over the only claim raised in Swanson's motion. The Government simply has no obligation to address the merits of a claim where plaintiff has failed to

---

[3] In raising the Rescissions Act claim on summary judgment, Swanson essentially seeks to amend its complaint to add the claim and the necessary facts in support thereof. It cannot, however, amend its complaint to include a claim and supporting facts that were not included in its certified claim. SMS Data Products Group, Inc. v. United States, 19 Cl. Ct. 612, 617 (1990);LDG Timber Enterprises, Inc. v. United States, 8 Cl. Ct. 445, 453-54 (1985).

establish that the Court possesses jurisdiction over that claim.

II. Plaintiff's Claim Requesting Relief Under the Rescissions Act is not Merely a New Legal Theory; it is Based on a Different Factual Predicate that is Directly at odds with the Certified Claim and the Complaint

Plaintiff's argument that it does not raise a claim under the Rescissions Act is willfully obtuse. There can be no doubt that plaintiff claims relief here under the Rescissions Act. Perhaps more closely stated, plaintiff claims relief here *because of* the Rescissions Act. As plaintiff notes, the Rescissions Act does not provide a remedy, nor an independent cause of action to plaintiff, nevertheless it is clear that plaintiff now claims that the provisions of the Rescissions Act mean that the Government's actions in suspending the Whitecap timber contract constituted a breach of that contract. Whether the Court chooses to characterize plaintiff's claim as a claim "under" the Rescissions Act or a claim of breach of contract "based on" the Rescissions Act makes no difference. Either way, the inescapable fact for plaintiff is that nowhere in the certified claim to the Contracting Officer, and nowhere in the complaint, does plaintiff allege the Rescissions Act as a basis for relief nor set out the facts necessary to raise a claim under the Rescissions Act.

Swanson's argument that it is merely making a breach of contract claim under the Contract Disputes Act proves too much. All claims for damages under a contract with the Government constitute breach of contract claims under the Contract Disputes Act. Claiming relief under the Rescissions Act constitutes an entirely different theory of liability and would require plaintiff to prove a different set of facts.

A. Plaintiff's Rescission Act Argument is Not Merely a Different Legal Theory; It Requires Plaintiff to Establish Facts Different From Those in the Certified Claim and in the Complaint

The Rescissions Act is not merely a different legal theory on which plaintiff now bases a claim of breach of contract, it is a completely different factual basis from that alleged by plaintiff in the certified claim and the complaint. Plaintiff previously alleged that the Government breached the Whitecap timber contract by failing to perform adequate environmental tests resulting in a suspension of the contract for an unreasonable amount of time. The facts set out in the complaint and in the certified claim purport to establish that the Government breached the contract by failing to perform adequate environmental studies to ensure that the Biological Opinion underlying the Whitecap sale was sufficient to meet all Federal requirements. Complaint at ¶¶ 18-19, 32-38, 41-44; Plaintiff's App. at 105-106.

To establish a claim under the Rescissions Act, or to establish that the Rescissions Act forms the basis of the government's breach of the Whitecap sales contract, the plaintiff now must allege that the Whitecap sales contract was executed subject to the Rescissions Act, that the Government suspended the Whitecap contract for a reason impermissible under the Rescissions Act, and that there are no other factual considerations to make the Rescissions Act inapplicable to the Whitecap sales contract. Not only does this constitute a completely different factual predicate for the Government's alleged breach than is set out in the complaint and the certified claim, but most of the facts previously alleged are irrelevant to the Rescissions Act.

Thus, plaintiff is not merely raising a different legal argument based on the

same operative facts – if plaintiff were forced to rely only on the facts in the complaint and certified claim, it could not establish a claim under the Rescissions Act. Nowhere in any of the facts previously set forth does plaintiff state that it was the Government's failure to ignore all environmental statutes, and indeed, to ignore the court's specific injunction of the Whitecap sales contract, that resulted in the breach of the Whitecap sales contract. Instead, the certified claim and the complaint both allege that it was the Government's failure to meet the environmental requirements that caused the breach based on the Government's duty not to interfere with plaintiff's performance of the contract.

Furthermore, plaintiff moved that this case be consolidated with another timber contract action that it brought in this Court.[4] In the motion to consolidate, Swanson stated that the instant case

> involve[d] virtually identical allegations that the Forest Service breached the timber sale contracts by suspending operations under the contracts as a result of the invalidation of biological opinions in the wake of a series of connected federal court decisions. . . . [5]

At some point, however, Swanson apparently decided that the Whitecap sales contract did not involve "virtually identical allegations" to those relating to the

---

[4] Swanson Group v. United States, 05-170C.

[5] See Plaintiff's Unopposed Motion to Transfer and Consolidate, Document 8, 05-171C filed 5/6/2005, p. 2.

Shortly after moving for consolidation, Swanson also filed a "Notice of Indirectly-Related Cases" in which it stated that the instant case involved issues of law and fact in common with numerous other cases specifically "whether the Forest Service breached its implied duties to cooperate and not to hinder the contractor's performance, whether the Forest Service breached express warranties, and whether the suspension was unreasonably long. See Plaintiff's Notice of Indirectly Related Cases, Document 10, 05-170C filed 6/7/2005, p. 2.

Backwoods Timber contract after all. Swanson filed the instant motion for summary judgment raising the Rescissions Act claim, a different factual and legal basis for recovery than it had alleged up to that point. And despite having moved to consolidate the Whitecap sales contract with the Benchmark sales contract, it filed the motion for summary judgment only with respect to the Whitecap sales contract.

B. Plaintiff is Obligated to Present All of its Arguments in the Certified Claim Regardless of Whether the Contracting Officer Issues a Final Decision on the Claim

The fact that the contracting officer did not issue a ruling on Swanson's certified claim does not somehow provide this Court with jurisdiction over a claim that was not in the certified claim. The law requires that the contracting officer be presented with all facts and claims for relief, and have the opportunity to consider everything. Here, it cannot be known whether a decision would have been rendered if Swanson had properly included its claim under the Rescissions Act. What matters is that Swanson did not provide the contracting officer with facts and argument under the Rescissions Act, and therefore, it cannot raise that claim now. Scott Timber Co. v. United States, 333 F.3d 1358, 1365-66 (Fed. Cir. 2003);Croman v. United States, 44 Fed. Cl. 796 (1999)(cited with approval in Scott Timber v. United States, 333 F.3d 1358, 1366; Spirit Leveling Contractors v. United States, 19 Cl. Ct. 84, 89-90 (1989).

## CONCLUSION

For these reasons, the United States respectfully requests that the Court dismiss for lack of jurisdiction Swanson's motion for summary judgment on the Whitecap timber sales contract.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ Joan M. Stentiford

JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-0341
Attorneys for Defendant

OF COUNSEL:

John Munson
Associate Regional Attorney
USDA-OGC, Pacific Region
1734 Federal Building
1220 S.W. Third Avenue
Portland, Oregon 97204-2825

Dated May 19, 2006

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this _19_th day of May, 2006, I caused to be delivered copies of the foregoing “DEFENDANT’S MOTION FOR AN ENLARGEMENT OF TIME”, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

___/s/ Joan M. Stentiford_____
JOAN M. STENTIFORD