**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SWANSON GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05-170C |
| v. | ) | consolidated with 05-171C |
| | ) | (Judge Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

# DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director

JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-0341

Attorneys for Defendant

OF COUNSEL:

John Munson
Senior Attorney
USDA-OGC, Pacific Region
1734 Federal Building
1220 S.W. Third Avenue
Portland, Oregon 97204-2825

Dated: July 13, 2006

## TABLE OF CONTENTS

QUESTION PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. Nature Of The Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. Statement Of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I. Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II. Jurisdiction in the Court of Federal Claims Is Narrowly Prescribed by Statute and May Not Be Expanded Beyond the Statutory Grant . . . . . . . . 4

III. The Rescissions Act Claim Requires Plaintiff to Establish Facts Not Previously Alleged to the Contracting Officer . . . . . . . . . . . . . . . . . . . . . . . 5

IV. There is No De Minimus Exception to the Jurisdictional Requirements of this Court. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

### CASES

Alsea Valley Alliance v. Evans,
161 F. Supp. 1154 (D. Ore. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Brookfield Construction Co., Inc. v. United States,
228 Ct. Cl. 551,
661 F.2d 159 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Celotex Corp. v. Catrett,
477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Contract Cleaning Maintenance, Inc. v. United States,
811 F.2d 586 (Fed. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Cosmic Constr. Co. v. United States,
697 F.2d 1389 (Fed. Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Croman Corp. v. United States,
44 Fed. Cl. 796 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 9

Day v. Shalala,
23 F.3d 1052 (6th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Day v. Sullivan,
794 F. Supp. 801 (S.D. Ohio 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Dynalectron Corp. v. United States,
4 Cl. Ct. 424, aff'd,
758 F.2d 665 (Fed. Cir. 1984)(table) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fidelity Construction Co. v. United States,
700 F.2d 1379 (Fed. Cir.), cert. denied,
464 U.S. 826 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I ,See also On-Line Technologies, Inc. v. Bodenseewerk Perkin-Elmer GMBH,
386 F.3d 1133 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Library of Congress v. Shaw,
478 U.S. 310 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Lombard v. MCI Telecommunications Corp.,
13 F. Supp.2d 621 (N.D. Ohio 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Northwest Forest Resource Council v. Glickman,
82 F.3d 825 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

On-Line Technologies, Inc. v. Bodenseewerk Perkin-Elmer GMBH,
386 F.3d 1133 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Pacific Coast Federation of Fishermen's Associations v. National Marine Fisheries Service,
1998 WL 1988556 (W.D. Wash. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Sante Fe Engineers, Inc. v. United States,
818 F.2d 856 (Fed. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Scott Timber Co. v. United States,
333 F.3d 1358 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Seal-Flex, Inc. v. Athletic Track and Court Const.,
98 F.3d 1318 (Fed. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8

SMS Data Products Group, Inc. v. United States,
19 Cl. Ct. 612 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Spirit Leveling Contractors v. United States,
19 Cl. Ct. 84 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. King,
395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

United States v. Mitchell,
445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Sherwood,
312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

W.M. Schlosser Co. v. United States,
705 F.2d 1336 (Fed. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Willis v. Lane,
738 F. Supp. 1198 (C.D. Ill. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## STATUTES

16 U.S.C. § 1611 note . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

41 U.S.C. § 601 et seq . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

41 U.S.C. § 605(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

41 U.S.C. § 609(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fiscal Year 1995 Emergency Supplemental Appropriations for Disaster Relief and Rescissions Act, Pub. L. 104-19, 109 Stat. 240 (1995) . . . . . . . . . . . . . . . . . . . 6

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SWANSON GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05-170C |
| v. | ) | consolidated with 05-171C |
| | ) | (Judge Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY IN CASE NO. 05-171C**

Pursuant to Rule 56(b) of the Rules of the Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court enter summary judgment in its favor on the issue of liability in case number 05-171, involving the "Whitecap" timber sale. There are no material facts at issue and the Government is entitled to judgment that it has no liability to plaintiff as a result of suspending the Whitecap timber sale. In support of this motion, we rely upon the complaint, Defendant's Proposed Findings of Uncontroverted Fact ("DPFUF"), and the following brief.

**QUESTIONS PRESENTED**

1. Whether the Court possesses jurisdiction to entertain a claim for liability under the Rescissions Act where this basis for recovery was neither submitted to the contracting officer in a certified claim pursuant to the Contract Disputes Act, nor raised in the complaint?

2. Whether plaintiff can be allowed to raise a claim under the Rescissions Act for the first time in its motion for summary judgment, where the complaint provided no notice that plaintiff intended to raise that claim?

## STATEMENT OF THE CASE

### I. Nature Of The Case

This action concerns a timber sale contract that was awarded or transferred to plaintiff, Swanson Group, Inc., on October 31, 1996. On December 22, 2000, the Forest Service suspended Swanson's contracts in order to comply with an injunction issued by a Federal district court following the listing of the Oregon coastal coho salmon as an endangered species. The suspension of Swanson's contracts was lifted by the Forest Service on or before March 23, 2004.[1]

On July 12, 2004, pursuant to the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. § 601 et seq., Swanson submitted a claim letter to Brenda Woodard, the Forest Service contracting officer, asserting various claims for compensation as a result of the suspension of the Whitecap timber sale contract. The contracting officer neither allowed nor denied Swanson's claim and it was deemed denied. On January 26, 2005, Swanson filed this action challenging the denial of its claim.

[1]On December 12, 2001, the Forest Service informed Swanson that the preliminary injunction had been terminated and that Swanson could resume performance of the contract. This was based on the conclusion of the litigation in Alsea Valley Alliance v. Evans, 161 F. Supp. 1154 (D. Ore. 2001). Shortly thereafter, the Forest Service learned that the court's order in that case had been stayed pending appeal of the decision. Consequently, on December 28, 2001, the Forest Service was forced to inform Swanson that the Whitecap contract was again suspended.

## II. Statement Of Facts

Swanson currently asserts in its motion for summary judgment that it is entitled to recover damages from the Government under the Rescissions Act, Public Law 104-19. Pl.'s Motion for Summary Judgment at 3-12 (filed April 4, 2006). This claim requires Swanson to allege facts that it has not raised at anytime previously with respect to the Whitecap contract and results in an argument that Swanson has not raised at any time and is also completely inconsistent with the arguments Swanson did raise in support of the claim that the Government breached the Whitecap contract. See Pl.'s App. 93-112; Plaintiff's Complaint filed January 26, 2005. The certified claim to the contracting officer does not allege facts necessary to support plaintiff's claim that the Whitecap contract is in governed by the Rescissions Act, or that Swanson is entitled to assert the provisions of the Rescissions Act as support for its claim that the United States breached the Whitecap timber sales contract. Id.

Additionally, the claim plaintiff seeks to raise here was not included in the complaint, nor has plaintiff at any time sought to amend its complaint to include the necessary factual allegations and legal basis for this claim.

# ARGUMENT

## I. Summary Judgment Standards

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. RCFC 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party bears the initial burden of establishing the absence of any disputes

of material fact. Seal-Flex, Inc. v. Athletic Track and Court Const., 98 F.3d 1318, 1321 (Fed. Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When the movant has met its initial burden, the non-movant must respond with sufficient evidence to show that there is a material factual dispute and that, on the non-movant's evidence, the movant is not entitled to judgment as a matter of law." Id. Alternatively, if the moving party can show that there is an absence of evidence to support the non-moving party's case, then the burden shifts to the non-moving party to proffer such evidence. Celotex, 477 U.S. at 325. The Supreme Court has emphasized that the "[s]ummary judgment procedure is not properly regarded as a disfavored procedural shortcut but, rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action. . . .'" Celotex, 477 U.S. at 327 (citations omitted).

As set forth below, the undisputed facts establish that Swanson's claim under the Rescissions Act requires plaintiff to establish facts that it did not set out in its certified claim to the contracting officer, as well as legal argument that was not raised before the contracting officer. Plaintiff has thus failed to exhaust the administrative remedy provided under the CDA for any claim under the Rescissions Act, rendering the Court without jurisdiction over the Rescissions Act claim. Therefore, the Government's cross motion for summary judgment should be granted and plaintiff's claim dismissed.

## II. Jurisdiction in the Court of Federal Claims Is Narrowly Prescribed by Statute and May Not Be Expanded Beyond the Statutory Grant

The United States Court of Federal Claims is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984) (table). Absent congressional consent to entertain a claim against the United States, the Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

A waiver of sovereign immunity, and thus consent to be sued, must be expressed unequivocally and cannot be implied. Library of Congress v. Shaw, 478 U.S. 310 (1986); United States v. King, 395 U.S. 1, 4 (1969). Any grant of jurisdiction to this Court must be construed strictly, and all conditions placed upon such a grant must be satisfied before the Court may accept jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980); Cosmic Constr. Co. v. United States, 697 F.2d 1389, 1390 (Fed. Cir. 1982). As the United States Court of Appeals for the Federal Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented by Congress." Fidelity Construction Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir.), cert. denied, 464 U.S. 826 (1983).

The provisions of the CDA constitute a limited waiver of sovereign immunity, and, as such, "the limitations and conditions under which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Id.; King, 395 U.S. at 3-5; Brookfield Construction Co., Inc. v. United States, 228 Ct. Cl. 551, 560, 661 F.2d 159, 165

(1981). Accordingly, the requirements of the CDA are jurisdictional prerequisites. W.M. Schlosser Co. v. United States, 705 F.2d 1336, 1338-39 (Fed. Cir. 1983).

**III. The Rescissions Act Claim Requires Plaintiff to Establish Facts Not Previously Alleged to the Contracting Officer**

In order to maintain an action pursuant to the CDA, a plaintiff must first certify and submit its claims to a contracting officer for a final decision. See 41 U.S.C. § 605(a). Upon obtaining the contracting officer's final decision, see 41 U.S.C. §§ 605, 609(a)(1), an action challenging the decision may be filed in this Court. See 41 U.S.C. § 609(a)(3). Such an action, however, "may not raise any new claims not presented and certified to the contracting officer." Croman Corp. v. United States, 44 Fed. Cl. 796, 800 (1999) (quoting Sante Fe Engineers, Inc. v. United States, 818 F.2d 856, 858 (Fed. Cir. 1987)); see also Contract Cleaning Maintenance, Inc. v. United States, 811 F.2d 586, 592 (Fed. Cir. 1987) (it is a jurisdictional requirement that the contractor "submit in writing to the contracting officer a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim."). Indeed, "[i]t would subvert the statutory purpose of requiring contractors first to submit their claims to the contracting officer if plaintiffs were allowed first to submit a claim based on an unexamined factual premise and then permitted later to . . . set forth an altered factual basis for a claim before this court." Croman, 44 Fed. Cl. at 802.

The Rescissions Act, now relied on by plaintiff, is contained within the Fiscal Year 1995 Emergency Supplemental Appropriations for Disaster Relief and Rescissions Act, Pub. L. 104-19, 109 Stat. 240 (1995). The part of this

public law known as the "Rescissions Act" contains provisions concerning various categories of timber sales, including, as relevant here, expediting the award of timber sales covered in the President's Northwest Forest Plan, and exempting them from strict compliance with many environmental laws. Pub. L. 104-19, Section 2001(d); 16 U.S.C. § 1611 note. See generally Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 829 (9th Cir. 1996). Petitioner claims for the first time on summary judgment that the Whitecap timber sales contract was covered in the Northwest Forest Plan, and therefore falls within the provisions of the Rescissions Act. Pl.'s Motion for Summary Judgment at 10-12.

In order to establish that the Rescissions Act applies to the Whitecap contract, plaintiff alleges facts in support of its motion for summary judgment that were neither presented to the contracting officer in the certified claim, nor in the complaint in this action. Specifically:

> Paragraph 19 of Defendant's Proposed Findings of Uncontroverted Facts ("DPFUF"), reads as follows:
> The advertisement for the Whitecap timber sale notified the public that This timber sale is governed by section 2001 of Public Law 104-19 [i.e. the Rescissions Act], which requires any legal challenge of this timber sale to be filed within 15 days of this advertisement.
>
> Paragraph 20 of the DPFUF reads as follows:
>
> No legal challenge to the Whitecap sale was filed within the allotted 15-day time period and the bid opening took place as scheduled on October 23, 1996.

In alleging these facts for the first time on summary judgment, plaintiff runs afoul of the requirement that all facts relied on to establish a claim in this Court for breach of contract must first have been presented to the contracting officer.

Scott Timber Co. v. United States, 333 F.3d 1358, 1365-66 (Fed. Cir. 2003); Spirit Leveling Contractors v. United States, 19 Cl. Ct. 84, 89-90 (1989). The contracting officer is entitled to the opportunity to consider all claims and all facts on which a contractor might rely to establish that the Government breached a contract. Had plaintiff presented the Rescissions Act claim to the contracting officer here, the claim might well have been resolved at that level. Having failed to raise it there, however, plaintiff is now precluded from burdening the Court with the claim. Id.

And, there can be no doubt that Swanson was, or should have been, aware of the fact that contracts signed under the Rescissions Act were in a different legal posture from other Federal timber contracts. Swanson admits in its opposition to the Government's motion to dismiss the motion for summary judgment that it intervened in the first of the PCFFA cases. See Plaintiff's Response to Defendant's Motion to Dismiss Motion for Summary Judgment For Lack of Jurisdiction, Reply in Support of Plaintiff's Motion for Summary Judgment and Opposition to Defendant's Motion for Stay, at 12. The fact that PCFFA I did not specifically mention the Whitecap contract is immaterial to plaintiff's knowledge that contracts covered by the Rescissions Act were not subject to judicial challenge for failure to comply with Federal environmental laws. Pacific Coast Federation of Fishermen's Associations v. National Marine Fisheries Service, 1998 WL 1988556 (W.D. Wash. 1988) FN 6.

## IV. There is No De Minimus Exception to the Jurisdictional Requirements of this Court

It is of no import that the factual predicate necessary to establish a claim under the Rescissions Act is short. There is no de minimus exception to the jurisdictional requirements of this Court. The plain and uncontroverted fact is that Swanson did not allege in the certified claim to the contracting officer that the Whitecap contract was governed by the Rescissions Act. Pl.'s App. at 105-106. This is not, as plaintiff would have it, merely a different legal theory based on the same operative facts, it is a different factual theory. The Rescissions Act is not a generally available legal theory of contract breach that could be applied to a variety of factual situations. It applies only where the contract was offered and signed under its authority. Whether a contract was offered under the Rescissions Act is a question of fact; it either was, or it was not. Therefore, even if it is only one fact that plaintiff failed to allege in its certified claim, to wit, that the Whitecap contract was governed by the Rescissions Act, it is nevertheless fatal to plaintiff's ability to raise a claim under the Rescissions Act. Scott Timber, 333 F.3d at 1365-66. Swanson cannot establish that it submitted "a clear and unequivocal statement that put the contracting officer on sufficient notice of the basis for the claim currently before the court," Croman, 44 Fed. Cl. at 801 (citing Contract Cleaning, 811 F.2d at 592), and the Court is therefore without jurisdiction to entertain Swanson's claim under the Rescissions Act. SMS Data Products Group, Inc. v. United States, 19 Cl. Ct. 612, 617 (1990).

Equally, there can be no dispute that plaintiff failed to raise this claim in the complaint it filed to commence this action. As the Government stated earlier

in our motion to dismiss, plaintiff may not raise a new claim for the first time on summary judgment. The court in Willis v. Lane, 738 F. Supp. 1198, 1201 (C.D. Ill. 1989), refused to allow the plaintiff there to raise a claim on summary judgment that was not raised in the complaint. The court there specifically held "The plaintiff may not, at this stage of the proceedings, raise entirely new claims against the defendants in response to the defendants' motion for summary judgment." Id.[2]

In sum, Swanson cannot establish that this Court possesses jurisdiction to consider its claim under the Rescissions Act. The claim was not presented to the contracting officer as required by the Contract Disputes Act, and it was not raised in the complaint, as required to put the Government on notice of the claim under RCFC 8(a).

**CONCLUSION**

For these reasons, the United States respectfully requests that the Court enter summary judgment in favor of the Government and deny plaintiff's motion for summary judgment for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
DAVID M. COHEN
Director

[2] See also On-Line Technologies, Inc. v. Bodenseewerk Perkin-Elmer GMBH, 386 F.3d 1133, 1146 (Fed. Cir. 2004); Lombard v. MCI Telecommunications Corp., 13 F. Supp.2d 621, 626 (N.D. Ohio 1998), *citing* Day v. Sullivan, 794 F. Supp. 801, 812 (S.D. Ohio 1991), *affirmed in relevant part sub nom* Day v. Shalala, 23 F.3d 1052 (6th Cir. 1994) ("plaintiffs may not use a summary judgment motion to raise a claim they did not plead in their complaint").

KATHRYN A. BLEECKER
Assistant Director

s/ JOAN M. STENTIFORD

JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-0341
Attorneys for Defendant

OF COUNSEL:

John Munson
Senior Attorney
USDA-OGC, Pacific Region
1734 Federal Building
1220 S.W. Third Avenue
Portland, Oregon 97204-2825

Dated July 13, 2006