**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SWANSON GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05-170C |
| v. | ) | consolidated with 05-171C |
| | ) | (Judge Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO SEVER

Pursuant to Rule 7.2(a) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits its motion to sever these two cases. They were consolidated on plaintiff's motion in which plaintiff represented that these two cases were "identical." For the reasons discussed below, the basis on which the cases were consolidated has materially changed and it no longer serves the purpose of judicial economy for Swanson Group, Inc. v. United States; 05-171C, and Swanson Group Inc.. v. United States, 05-170C, to be handled together.

DEFENDANT'S BRIEF

On June 2, 2005, the Court granted plaintiff Swanson Group, Inc.'s ("Swanson") motion to consolidate Swanson Group, Inc. v. United States; 05-171C ("Whitecap"), and Swanson Group Inc.. v. United States, 05-170C ("Benchmark"). The Government did not oppose this motion at the time it was proposed because it appeared, based on Swanson's pleadings, that the two cases involved the same legal claim and were based on similar facts. Swanson represented in its motion that these two cases

> involve[d] virtually identical allegations that the Forest Service breached the timber sale contracts by suspending operations under the contracts as a result of the invalidation of biological opinions in the wake of a series of

connected federal court decisions. . . . [1]

However, as it now appears, the two cases are very different. Swanson filed a motion for summary judgment with respect only to case number 05-171C (Whitecap), raising a completely different and inconsistent theory in support of Swanson's allegations that the Government breached the Whitecap contract.[2] Additionally, at Swanson's request, the two cases are no longer on the same discovery schedule. Swanson's responses to the Government's discovery requests in the Benchmark case are due on October 6, 2006. The Court ordered discovery in the Whitecap case to be held in abeyance pending the outcome of plaintiff's motion for summary judgment, thus there is no current deadline for Swanson's discovery responses in that case.

Motions to consolidate are governed by RCFC 42, which provides in part:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

The Court's broad discretion to determine whether consolidation is appropriate, also provides it with the discretion to determine when consolidation is no longer appropriate. Cienega Gardens v. United States, 62 Fed. Cl. 28, 31 (2004), *citing* Karuk Tribe of California v. United States, 27 Fed. Cl. 429, 433, *citing* Bank of Montreal v. Eagle

---

[1]See Plaintiff's Unopposed Motion to Transfer and Consolidate, Document 8, 05-171C filed May 6, 2005, p. 2.

[2]The Government has both moved to dismiss plaintiff's motion for summary judgment and has filed a cross motion for summary judgment in the Whitecap case number 05-171C.

Assocs., 117 F.R.D. 530, 532 (S.D.N.Y. 1987). The appropriateness of consolidating claims depends on whether the interest of judicial economy outweighs the potential for delay, confusion, and prejudice that may result from consolidation. Id. Consolidation is only appropriate where there are common factual and legal issues arising in different actions. In re Repetitive Stress Injury Litigation v. Nat'l Semiconductor Corp. et. al, 11 F.3d 368, 373 (2d Cir. 1993) (citing MacAlister v. Guterma, 263 F.2d 65, 70 (2d Cir.1958)).

At the time these cases were consolidated, Swanson stated that they both involved claims that the United States had breached its duty to ensure that the environmental studies underlying the Whitecap and Benchmark timber sales met all Federal environmental standards such that Swanson's rights to harvest the timber under each contract could not be hindered. The Court granted the motion and entered a scheduling order putting both cases on the same schedule for purposes of conducting discovery and other pre-trial procedures. On March 22, 2006, however, Swanson filed a motion for summary judgment affecting only the Whitecap contract. On summary judgment, Swanson argued that the Whitecap contract was subject to the Rescissions Act (P.L. 104-19) and was therefore excepted from compliance with Federal environmental statutes.[3] Swanson plainly states in the motion for summary judgment

[3]Public Law 104-19 ("Rescissions Act") had the effect of allowing timber contracts signed under its authority to be essentially exempt from the usual requirements of Federal environmental statutes. See 16 U.S.C. § 1611 (note); § 2001(d); Oregon Natural Resources Council v. Thomas et al., 92 F.3d 792, 797 (9th Cir. 1996); Inland Empire Public Lands Council v. Glickman, 88 F.3d 697, 700-01 (9th Cir. 1996).

that this theory does not apply to the Benchmark sale, but only to the Whitecap sale.[4]

Additionally, the cases are no longer on the same pretrial schedule. At a status hearing held on June 8, 2006, plaintiff requested that discovery in the Whitecap case be held in abeyance pending the outcome of its motion for summary judgment; this request was granted by an order entered June 9, 2006. On June 29, 2006, plaintiff filed an unopposed motion to extend discovery in the Benchmark case to October 6, 2006.

Given that the cases present different factual and legal issues, there is no risk of inconsistent adjudication or unnecessary burden on parties and witnesses if the two cases are heard separately. Manhattan Construction Co. v. United States, 66 Fed. Cl. 299, 300 (2005). On the contrary, given that plaintiff has proposed a series of uncontroverted facts in support of its motion for summary judgment in Whitecap, if the cases remain consolidated there is now the possibility of confusion or prejudice to the Government if a fact found in the Whitecap case were to be “imported” into the Benchmark case without requiring Swanson to provide evidence that it should be so.

Moreover, the legal issues raised by Swanson in the Whitecap motion for summary judgment are now different from those in the Benchmark case. Plaintiff’s basic argument in the Benchmark case is that the Forest Service breached the contract by failing to comply with statutory environmental requirements, which later caused the Forest Service to suspend timber contracts. By contrast, plaintiff now argues in the Whitecap case that the Forest Service breached the contract because no environmental studies were necessary at all under the Rescissions Act, therefore the Federal

[4] See Plaintiff’s Motion for Summary Judgment on the Issue of Liability in Case 05-171C (“Whitecap”) Document 13, filed March 22, 2006, p. 1.

environmental statutes could not provide a basis for suspending the contract.[5]

In the Benchmark complaint, Swanson alleges that the Forest Service materially breached the contract when it "award[ed the] Benchmark timber sale and then subsequently suspend[ed] that sale in order to determine whether that sale complied with the ACS and the ESA;" issued a biological opinion that could not demonstrate that the Benchmark sale complied with the ACS and ESA requirements; failed to "satisfy its obligation to ensure that the sale was consistent with the ACS and the ESA;" worked in tandem with NMFS to develop the biological opinions that did not meet the requirements of the ACS or ESA; and awarded the Benchmark timber sale and then subsequently suspended it. Benchmark Compl. at ¶¶27-31 (Case No. 05-170C).

The Whitecap complaint contains virtually identical allegations concerning the Government's actions with the Whitecap timber sale. Whitecap Compl. at ¶¶27-31 (Case No. 05-171C). In filing the Whitecap motion for summary judgment, however, plaintiff appears to have abandoned that theory. Plaintiff now argues that the Whitecap contract was signed under the Rescissions Act (P.L. 104-19) which essentially excepted the contract from all Federal environmental requirements. Therefore, according to plaintiff, the Government breached the Whitecap contract by suspending it in response to the environmental litigation brought by the Pacific Coast Federation of Fishermen's Associations.[6]

---

[5] See Plaintiff's Motion for Summary Judgment on the Issue of Liability in Case 05-171C ("Whitecap") Document 13, filed March 22, 2006, pp. 10-12.

[6] See Pacific Coast Federation of Fishermen's Associations v. National Marine Fisheries Service, 1998 WL 198856 (W.D. Wash. 1998) ("PCFFA I"); Pacific Coast Federation of Fishermen's Associations v. National Marine Fisheries Service,

These two cases, Whitecap and Benchmark, no longer present the same factual and legal issues because Swanson has changed the factual and legal issues it asserts in support of its claim for breach of the Whitecap contract. The cases are no longer in the same procedural posture, any findings of fact made by the Court with respect to plaintiff's summary judgment motion would not apply to Benchmark, which raises the possibility of confusion and prejudice. For these reasons, it does not serve the ends of judicial economy for these them to remain consolidated. Lucent Technologies v. United States, 69 Fed. Cl. 512, 513-14 (2006).

CONCLUSION

For these reasons, defendant respectfully requests that Cases 05-170 and 05-171 be severed, and treated as separate cases.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division

OF COUNSEL:

John Munson
Senior Attorney

---

71 F. Supp.2d 1063 vacated in part and aff'd in part, 265 F.3d 1028 (9th Cir. 2001) ("PCCFA II"); Pacific Coast Federation of Fishermen's Associations v. National Marine Fisheries Service, Civ. No. 00-1757R (W.D. Wash. 2001) ("PCFFA III").

USDA-OGC, Pacific Region
1734 Federal Building
1220 S.W. Third Avenue
Portland, Oregon 97204-2825

Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-0341
Attorneys for Defendant

Dated July 13, 2006