**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| SWANSON GROUP, INC., Plaintiff, v. THE UNITED STATES, Defendant. | Case No. 05-170C consolidated with 05-171C (Senior Judge Loren A. Smith) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO SEVER**

Defendant seeks to sever these consolidated cases on the basis that one of several alternative arguments supporting Swanson Group, Inc.'s ("Swanson") claim for breach of contract pertains to case no. 05-171 (Whitecap timber sale contract) but not to case no. 05-170 (Benchmark timber sale contract). Motion to Sever at 4-5. Rule 42 of the Rules of the Court of Federal Claims ("RCFC") governs whether consolidation is appropriate and this Court has "broad discretion" under that rule to determine whether consolidation is, or remains, appropriate. Cienega Gardens v. United States, 62 Fed.Cl. 28, 32 (2004). Where common questions of law or fact are involved and consolidation would avoid unnecessary costs, consolidation is encouraged. Id. (Ordering consolidation over the objection of both parties). As demonstrated below, at the present time these elements, which made consolidation appropriate in the first instance, remain in place.

A. Common Questions Of Law And Fact Are Involved In Both Cases

As defendant concedes in its motion, many of the factual allegations and legal theories presented in the Whitecap complaint are "virtually identical" to those in the Benchmark complaint. Motion to Sever at 5. RCFC 42 provides that whenever two or more actions involve "**a**" common question of law or fact the trial court may order a joint hearing or trial of "**any** or all" of the matters in issue in the actions. RCFC 42 (emphasis supplied). In sum, defendant's motion is founded on the faulty premise that unless there is perfect symmetry between the questions of law and fact presented by two or more cases, consolidation is never appropriate.[1] However, as the plain terms of RCFC 42 and cases interpreting it make clear, the rule is not so limited:

> Consolidation is not barred simply because plaintiffs may be relying on different legal theories or because there are some questions not common to all actions; the critical consideration, as in other contexts under the federal rules, is whether there is at least one common question[.]

Wright and Miller, FEDERAL PRACTICE AND PROCEDURE, Civil 2d § 2384 (collecting cases). As defendant admits, such common questions of law and fact do exist in case no. 05-170 (Benchmark) and case no. 05-171 (Whitecap) regardless of whether one of the several alternative breach of contract arguments is unique to Whitecap. Thus, consolidation remains justified under RCFC 42.

---

[1]Defendant also asserts, without citation to any legal authority, that in pursuing a breach of contract premised on the Forest Service's violation of the Rescissions Act (Public Law 104-19) that Swanson has somehow "abandoned" its other claims in the complaint. Motion to Sever at 5. Defendant is, of course, incorrect as Swanson's argument with respect to the Rescissions Act is simply a legal theory offered in the alternative and arising under the same set of operative facts as alleged in the complaint. See, e.g., Scott Timber v. United States, 333 F.3d 1358, 1365-66 (2003). See also RCFC 8(e)(2)(a party may pursue multiple claims in the alternative and regardless of the claims' consistency with one another).

B. Continued Consolidation Presents No Risk of Prejudice To The Government And Serves The Interests of Judicial Economy

Defendant contends that there is a "possibility" that the uncontroverted facts that Swanson has identified in support of it Motion for Summary Judgment in Whitecap could cause "confusion or prejudice to the [g]overnment" if such facts somehow were imported into the Benchmark case. Motion to Sever at 4. However, in reality there is no danger of prejudice to the defendant because it is well-established that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause or change the rights of the parties. . . ." Wright and Miller, FEDERAL PRACTICE AND PROCEDURE, Civil 2d § 2382, citing, inter alia, Alfred Dunhill of London v. Republic of Cuba, 425 U.S. 683, 735 (Marshall, J. dissenting); Johnson v. Manhattan Ry., 289 U.S. 479 (1933). Accordingly, facts established in Whitecap for purposes of summary judgment are not automatically "imported" into the Benchmark proceeding simply because the cases are consolidated. Again, defendant has presented a "strawman" argument premised on a fundamental misunderstanding of the purpose and effect of consolidation.

Defendant argues further that because this Court has placed the two cases on different tracks for pre-trial discovery, the cases must be severed. (Motion at 4-5). However, the courts have long-recognized that the fact that cases are at different stages of discovery is not even a sufficient reason to deny a motion to consolidate, let alone to require that the cases that have been consolidated must be severed. Monzo v. American Airlines, Inc., 94 F.R.D. 672 (S.D.N.Y. 1982); Rohm & Hass Co. v. Mobil Oil Corp., 525 F.Supp. 1298, 1310 (D.Del. 1981). Thus, defendant has identified no specific actual harm to it or the judicial process that will occur if the

issue of liability with respect to the Rescissions Act argument in Whitecap is decided in this consolidated action instead of as part of a stand-alone case.

Finally, the costs of deciding plaintiff's Motion For Summary Judgment on the issue of liability in Whitecap as part of the instant consolidated proceeding are certainly no greater than doing so in a separate case and defendant has not even attempted to make this argument. On the contrary, the costs and possibility of delay would be <u>increased</u> for the parties and the Court if they were required to go through a meaningless administrative exercise of severing the two cases at this time.

Plaintiff notes that the Motion to Sever also presents warmed-over versions of the jurisdictional arguments first made in defendant's Motion to Dismiss and then reiterated in its Cross-Motion for Summary Judgment. Motion to Sever at 4-6. These points have been amply rebutted in Plaintiff's Response to Defendant's Motion to Dismiss. <u>See</u> Docket No. 33. Swanson will not further burden the record by repeating those arguments here, except to observe that Swanson's position on the jurisdictional issue relies, in part, on <u>Scott Timber Co. v. United States</u>, 333 F.3d 1358 (Fed.Cir. 2003) (Court has jurisdiction over alternative legal theories supporting breach of contract claim based on same set of operative facts). That case, which is binding authority on this Court and fully supports plaintiff's position that the Court has jurisdiction over all of Swanson's breach of contract claims has, once again, been ignored by defendant.

## CONCLUSION

For all of the reasons that consolidation was appropriate at the time that the parties agreed to it and this Court ordered it, consolidation remains appropriate. Plaintiff further suggests that final resolution of defendant's Motion to Sever ought to be held in abeyance pending resolution of plaintiff's Motion for Summary Judgment on the issue of liability with respect to the Whitecap contract. Assuming, as plaintiff does, that it will prevail on its Motion for Summary Judgment (particularly in light of defendant's failure to identify even a single substantive defense to it) a more fully informed decision about the desirability of severing the cases may be made at that time.[2]

Respectfully submitted,

s/Gary G. Stevens
SALTMAN & STEVENS P.C.
1801 K Street, N.W.
Suite M110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

[2]Not only has defendant failed to present a substantive defense to Swanson's argument that the Whitecap timber sale contract (i.e., a contract offered under the authority of the Rescissions Act) should not have been suspended by the Forest Service so that the Forest Service could comply with certain of its environmental duties, but defendant also appears to have recognized the correctness of this position. Motion to Sever at 3 ("Public Law 104-19 ('Rescissions Act') had the effect of allowing timber sales signed under its authority to be essentially exempt from the usual requirements of Federal environmental statutes" (citations omitted)).

OF COUNSEL:

Richard W. Goeken
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 - facsimile

Dated: July 31, 2006