**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SWANSON GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05-170C |
| v. | ) | consolidated with 05-171C |
| | ) | (Judge Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO SEVER

Defendant moves to sever these cases because they no longer present "identical" or even similar factual or legal issues to the Court. Had plaintiff timely asserted its claim under the Rescissions Act in case number 05-170C, the "Whitecap case," these cases would never have been consolidated. It would have been apparent that they arose under different factual and legal premises, and presented no basis for consolidation. Now that the true nature of each case is apparent, it is clear they should be heard separately.

The appropriateness of consolidating claims depends on whether the interest of judicial economy outweighs the potential for delay, confusion, and prejudice that may result from consolidation. Karuk Tribe of California v. United States, 27 Fed. Cl. 429, 433 (1993) (citing Bank of Montreal v. Eagle Assocs., 117 F.R.D. 530, 532 (S.D.N.Y. 1987)). A party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions. In re Repetitive Stress Injury Litigation v. Nat'l Semiconductor Corp. et. al, 11 F.3d 368, 373 (2d Cir. 1993) (citing MacAlister v. Guterma, 263 F.2d 65, 70 (2d Cir.1958)). Here, plaintiff has failed to show that the Benchmark and Whitecap cases have factual or legal issues in common. In Benchmark, plaintiff alleges that the Forest Service failed to perform

sufficient environmental studies before awarding the contract to Swanson, thereby breaching the duty not to hinder Swanson's performance of the contract. In Whitecap, plaintiff alleges that the contract was signed under the Rescissions Act, which rendered all environmental concerns irrelevant. Therefore, it alleges, the Forest Service breached its duty not to hinder Swanson's performance of the contract when it suspended the contract because of the environmental concerns raised in the PCFFA litigation.[1] Thus, in Benchmark plaintiff claims that the Government failed to fulfill its obligations under Federal environmental statutes, while in Whitecap plaintiff claims that the Government had no obligations under Federal environmental statutes. These claims are contradictory and rely on different factual bases, and it serves no valid purpose for the two cases to remain consolidated.

Swanson's repeated attempts to characterize its argument under the Rescissions Act as merely a slight variation on the legal theory originally advanced in the Whitecap case is simply incorrect. Rather, it is a claim based on a legal and factual basis so different from the claim raised in the Benchmark complaint, that had it been raised in the complaint it would have demonstrated that the Whitecap and Benchmark cases have significant differences that preclude them from being consolidated.[2] Moreover, the

---

[1] See Pacific Coast Federation of Fishermen's Association v. National Marine Fisheries Service ("NMFS"), W.D. Wash. no. 97-CV-775, 1998 WL 1988556 (PCFFA I"), Pacific Coast Federation of Fishermen's Association v. NMFS, 71 F. Supp. 2d 1063 (W.D. Wash. 1999) ("PCFFA II"), Pacific Coast Federation of Fishermen's Association v. NMFS, W.D. Wash. Case No. C00-1757R (Dec. 7, 2000) ("PCFFA III"), and Pacific Coast Federation of Fishermen's Association v. NMFS, 265 F.3d 1028 (9th Cir. 2001).

[2] More importantly, had Swanson initially raised the Rescissions Act at the proper time, i.e., in a certified claim to the contracting officer, this claim could have

Rescissions Act is not one of several legal theories raised by the plaintiff in this case, it is the only theory available to plaintiff given the facts that plaintiff has asked this Court to find. In the statement of proposed uncontroverted facts, plaintiff asserts that the Whitecap contract was signed under the Rescissions Act. See PPFUF 15. Plaintiff further alleges that the Government owed plaintiff no duties under the Federal environmental statutes. PPFUF 10, 11. Moreover, having alleged that the Whitecap contract was signed under the Rescissions Act, plaintiff cannot, in good faith, revert to the argument that the Government failed to ensure that the Whitecap sale met all its obligations under the network of Federal environmental statutes. In order to do so, plaintiff would have to allege that the Whitecap contract was not signed under the Rescissions Act, in complete contradiction to what it currently asserts the facts are.[3] In any event, none of these issues is present in the Benchmark case, and consolidation is inappropriate for two cases where there are significant legal issues presented in one case that are not raised in the other case. Lucent Technologies, Inc. v. United States, 69 Fed. Cl. 512, 514 (2006).

Perhaps most importantly, in the motion for summary judgment filed in the Whitecap case, plaintiff asks the Court to make findings of fact that will only apply to Whitecap, not to Benchmark. This would put the parties in the untenable position of having to keep track of which facts were proven in which case. That circumstance

---

been evaluated by the entity best suited, as well as statutorily charged, to do so. 41 U.S.C. §605.

[3] Plaintiff is not entitled to the benefit of any equitable considerations in this matter. It was plaintiff's own failure to raise the Rescissions Act claim in a certified claim to a contracting officer that put Whitecap on its current troubled course.

alone provides sufficient reason to sever the cases. Additionally, the cases are now in different procedural postures in that discovery has been held in abeyance in Whitecap but not in Benchmark. Finally, as noted above, Benchmark and Whitecap do not present common questions of law or fact, and it does not serve the purpose of judicial economy for Swanson Group, Inc. v. United States; 05-171C, and Swanson Group Inc. v. United States, 05-170C, to remain consolidated.

## CONCLUSION

For these reasons, defendant respectfully requests that Cases 05-170 and 05-171 be severed, and treated as separate cases.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-0341
Attorneys for Defendant

OF COUNSEL:

John Munson
Senior Attorney
USDA-OGC, Pacific Region
1734 Federal Building
1220 S.W. Third Avenue
Portland, Oregon 97204-2825

Dated August 14, 2006

CERTIFICATE OF FILING

I hereby certify that on this __11th___ day of August, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO SEVER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

___s/ Joan M. Stentiford___