IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SWANSON GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Case No. 05-170C<br>consolidated with 05-171C<br>(Senior Judge Loren A. Smith) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND RELY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rules 7.2(e) and 56 of the Rules of the Court of Federal Claims (RCFC), Plaintiff, Swanson Group, Inc. ("Swanson"), files its Response In Opposition To Defendant's Cross-Motion For Summary Judgment and Reply In Support Of Its Motion For Summary Judgment. As demonstrated below, what defendant has styled as a "Cross-Motion for Summary Judgment" should be rejected as it solely challenges the jurisdiction of this Court, i.e. a challenge which can not result in the entry of summary judgment for defendant. Additionally, even if the Court were to address the jurisdictional arguments in defendant's Cross-Motion, the motion fails because under the controlling law of this Circuit the Court does, in fact, have jurisdiction over all aspects of Swanson's claim. Finally, because defendant has not identified any genuine issues of material fact with respect to plaintiff's Motion for Summary Judgment, or presented any substantive defense to it, plaintiff is entitled to judgment in its favor as a matter of law.

I. Procedural History.

On April 4, 2006, plaintiff filed its Motion for Summary Judgment with respect to the Whitecap contract based on the simple legal premise that because the Rescissions Act had exempted the Forest Service from any post-award obligation to comply with various federal environmental laws, including the Endangered Species Act, 16 U.S.C. § 1531 et seq. ("ESA"), the Forest Service's suspension of plaintiff's operations on this contract for more than three years, ostensibly to comply with the ESA, was a breach of contract. Rather than file a substantive response to plaintiff's Motion for Summary Judgment, on May 4, 2006, defendant filed what was styled a "Motion to Dismiss Plaintiff's Motion for Summary Judgment." (Docket No. 31) as well as a "Motion to Stay Plaintiff's Motion For Summary Judgment." Docket No 32. Defendant's Motions to Dismiss and to Stay were briefed by the parties and on June 8, 2006 the Court conducted a telephonic status conference regarding how best to proceed. After hearing arguments of counsel, the Court denied the government's Motion to Stay Plaintiff's Motion for Summary Judgment and ordered the government to file its substantive defenses, if any, to plaintiff's motion on or before July 14, 2005. Defendant's Motion to Dismiss remains pending.

On July 13, 2006, defendant filed a Cross-Motion and Response to Plaintiff's Motion for Summary Judgment (Docket No. 38) as well as a Motion to Sever these consolidated cases (Docket No. 40). Defendant's Motion to Sever has been briefed by the parties. Moreover, Defendant's Cross-Motion and Response did not present any substantive defenses to Swanson's Motion for Summary Judgment, did not identify any proposed findings of fact in support of defendant's putative Cross-Motion, nor did it identify any genuine issues of material fact that preclude summary judgment in favor of Swanson.

As this procedural history demonstrates, defendant has presented the Court with three motions (Motion to Dismiss (Docket No. 31), Cross-Motion for Summary Judgment (Docket No.

38) and Motion to Sever (Docket No. 40)) which advance blatantly repetitious jurisdictional arguments but provide no substantive defense to plaintiff's Motion for Summary Judgment.

## II. Plaintiff's Response To Defendant's "Cross-Motion For Summary Judgment"

### A. Defendant Has Improperly Raised Jurisdictional Arguments As A Basis For Summary Judgment.

Although defendant has titled its filing as a "Cross-Motion for Summary Judgment," defendant has merely repackaged the jurisdictional arguments set forth in its Motion to Dismiss and/or its Motion to Sever. This is apparent from the defendant's formulation of the issues in its "Cross-Motion for Summary Judgment", both of which involve this Court's alleged lack of jurisdiction. See Cross-Motion at 1. Indeed, defendant's own summary of its arguments demonstrates that a putative lack of jurisdiction is the sole basis for its Cross-Motion:

> In sum, Swanson cannot establish that this Court possesses jurisdiction to consider its claim under the Rescissions Act. The claim was not presented to the contacting officer as required by the Contract Disputes Act, and it was not raised in the complaint, as required to put the Government on notice of the claim under RCFC 8(a).

Cross-Motion at 10.

Of course, if defendant's premise were correct and this Court determined that it did not possess jurisdiction over Swanson's breach of contract claim based on the Rescissions Act, then the Court certainly could not then go on to reach the merits of a motion for summary judgment and enter judgment in favor of the government. Lockheed Martin Corp. v. United States, 50 Fed.Cl. 550, 552 (2001)(A motion for summary judgment is "an inappropriate mechanism for challenging subject matter jurisdiction."); Lakewood Assocs. v. United States, 45 Fed.Cl. 320, 339 (1999)(Where the Court of Federal Claims does not have jurisdiction it may not reach the merits of a motion for summary judgment.) At bottom, defendant both misapprehends the

purpose of a motion for summary judgment and has failed to present any substantive argument upon which summary judgment in its favor might be entered.[1] By doing so, defendant has demonstrated that it has no substantive defense to Swanson's Motion for Summary Judgment. Accordingly, because defendant has already filed a Motion to Dismiss on jurisdictional grounds, and a motion for summary judgment is not the appropriate place to raise such arguments, the Court should simply resolve the Motion to Dismiss, which is fully briefed, and disregard the improper attempt to rehash this same issue that is presented in the guise of defendant's "Cross-Motion for Summary Judgment".

B. Defendant Mischaracterizes Swanson's Claim As Seeking Damages Under The Rescissions Act.

If the Court does address the arguments presented in defendant's cross-motion, those arguments are once again premised on a strawman, i.e., that Swanson's claim is somehow for damages under the Rescissions Act. Cross-Motion at 3, 4, 9 and 10. Defendant's contention is transparently false. The instant case is bought under the Contract Disputes Act and seeks recovery of the damages Swanson sustained due to the Forest Service's breach of the Whitecap contract. Plaintiff's consistent claim in this case and in its Motion for Summary Judgment is that the Forest Service's suspension of the Whitecap contract from December 22, 2000 to March 23, 2004 breached the terms of that contract. This claim is made expressly in plaintiff's Motion for Summary Judgment. See, e.g., Motion for Summary Judgment at 13-14 ("Swanson respectfully

[1]Contrary to its obligation under RCFC 56(h)(1), defendant has not identified or cited to any proposed finding of uncontroverted facts upon which its cross-motion for summary judgment is based.

requests that the Court enter an order finding that the Forest Service's suspension of the Whitecap timber sale contract breached the terms of that contract. . . ."); accord id. at 12.

At no time has plaintiff argued that it is entitled to recover damages "under" the Rescissions Act as defendant claims. Rather, plaintiff's argument regarding the Rescissions Act is that the Act, as a matter of law, removed the Forest Service's obligation to comply with the ESA and, therefore, that the Forest Service's protracted suspension of Whitecap to comply with the ESA breached the Forest Service's contractual duties to cooperate with and not to hinder Swanson's harvest of timber under the contract. See, e.g., Motion for Summary Judgment at 12. Accordingly, for the obvious reason that Swanson does not "seek relief under the Rescissions Act", defendant's argument that plaintiff's claim letter does not "seek relief under the Rescissions Act" should be rejected.

C. The Court Has Jurisdiction Over The Breach of Contract Claim Presented In Swanson's Motion For Summary Judgment Because It Is Premised On The Same Set of Operative Facts As Set Out In Its Claim Letter.

For all of the reasons set forth in Swanson's Response to Defendant's Motion To Dismiss (Docket No. 33), defendant's jurisdictional arguments are incorrect under the controlling case law of this Circuit. See Plaintiff's Response to Motion to Dismiss at pp. 7-11, discussing Scott Timber Co. v. United States, 333 F.3d 1358, 1365 (Fed.Cir. 2003) and its progeny, and also distinguishing defendant's reliance on Croman Corp. v. United States, 44 Fed. Cl. 796 (1999).[2]

[2]Defendant begins its jurisdictional argument with an assertion that the jurisdiction of the Court of Federal Claims is "narrowly prescribed", although it cites no authority for this proposition. See Cross-Motion at 5. In the past, the government would frequently argue that jurisdiction of the Court of Federal Claims is "exceedingly limited." See e.g. Norby Lumber Co. Inc. v. United States, 46 Fed.Cl. 47, 51(2000). As that case makes clear, however, all federal courts are, by definition, courts of limited jurisdiction. Id. at 51. Despite the government's

The simple fact remains that Swanson's legal argument with respect to the Rescissions Act as presented in its Motion for Summary Judgment is merely an alternative breach of contract theory based on the same set of operative facts that Swanson set forth in its claim letter and complaint.[3]

In this regard, the Contract Disputes Act does not even define the term claim nor provide any formal requirements for the submission of a claim. Clause CT9.2 of the Whitecap contract does define the term "claim" as merely "a written demand or assertion by one of the contracting parties seeking as a legal right, the payment of money, adjustment or interpretation of contract terms, or other relief, arising under or relating to this contract." Applying that definition here, there can be no dispute that Swanson's claim letter fulfills these requirements by apprising the Contracting Officer that Swanson considered the Forest Service's suspension of the Whitecap timber sale to have been a breach of contract and seeking to recover Swanson's damages resulting from that breach. Thus, as the Whitecap contract and the case law of this Circuit

---

unsupported attempt to further modify that limitation, the question remains: what does the controlling law of the Circuit require a CDA claim to state in order to confer jurisdiction in this court? Id. Here, that question must be resolved in favor of this Court having jurisdiction over Swanson's claim.

[3]When deciding a motion to dismiss pursuant to RCFC 12(b)(1) this Court must presume all undisputed factual allegations in the complaint to be true and construe all reasonable inferences in favor of the plaintiff. States Roofing Corp. v. United States, 70 Fed.Cl. 299, 300-01 (2006), citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982)

Moreover, pursuant to RCFC 8(f), "All pleadings shall be so construed so as to do substantial justice". In this case it would work a substantial injustice if this Court were to decline to exercise jurisdiction over a legal theory of liability that the government has now been given a full opportunity to oppose but to which it simply has no substantive defense.

Finally, even if plaintiff were required to plead allegations pertaining to the Rescissions Act with greater specificity, the complaint could simply be amended pursuant to RCFC 15(a) and there is no basis for granting defendant's Cross-Motion on these grounds.

demonstrate, nothing further is required for a valid claim to exist and there are certainly no formalistic, “magic words” that must be in a claim letter for jurisdiction to be established as argued by defendant. As such, this Court has jurisdiction to resolve the merits of Swanson’s Motion for Summary Judgment.

D. The Two Allegedly New Facts Identified By Defendant Do No Defeat Jurisdiction In This Court.

Defendant argues that because just two of the forty proposed findings of fact that Swanson submitted in support of its Motion for Summary Judgment are “new” this Court lacks jurisdction. That is, defendant asserts that Plaintiff’s Proposed Finding of Uncontroverted Fact (PPFUF) Nos. 19 and 20, which identify information, including information obtained from defendant in discovery, showing that the Whitecap contract is subject to the Rescissions Act, are raised for the first time at summary judgment. Cross-Motion at 7. However, the law of this Circuit does not require that all possible facts must be alleged for a claim letter or a complaint to establish jurisdiction; rather, only the operative facts need to be presented. Scott Timber, Co. v. United States, 333 F.3d 1358, 1365 (Fed.Cir. 2003), accord Alaska Pulp Corp. v. United States, 48 Fed.Cl. 655, 669 (2001) (“We allow legal theories arising from the same set of ‘operative facts’ as those pled”); ThermoCor, Inc. v. United States, 35 Fed.Cl. 480, 489 (1996) (“[I]t would be very disruptive to a court’s procedures if theories, developed as a result of pretrial proceedings including discovery, had to be submitted to the contracting officer before the court could render a final decision on a claim); Cerberonics, Inc. v. United States, 13 Cl.Ct. 415, 417-18 (1987) (“If a complaint brought here is based on the same set of operative facts underlying the claim presented to the contracting officer, then this court has jurisdiction under the CDA”). See

also Engineered Demolition, Inc. v. United States, 70 Fed.Cl. 580, 588 (2006) ("Under the CDA, alternative arguments may be raised in this court even though not presented to the contracting officer," citing Farmers Grain Co. of Esmond v. United States, 33 Fed.Cl. 298, 300 (1995)); accord Ace Constructors, Inc. v. United States, 70 Fed.Cl. 253, 266 (2006). Under all of these authorities, that the Rescission Act forms the basis for an alternative legal theory of breach of contract does not divest this court of jurisdiction, because the same set of **operative** facts, i.e. that the Forest Service's suspension of the Whitecap timber sale constituted a breach of contract remains central to the claim.

Defendant also argues that the contracting officer was "deprived" of the opportunity provided to her under the CDA to consider Swanson's legal theory based on the Rescissions Act. Cross-Motion at 7-8. Again, however, the same argument was made and rejected in Scott Timber. Id. 333 F. 3d at 1365-66. Here, defendant concedes that Swanson gave the contracting officer virtually identical notice of the breach as was presented to the contracting officer in Scott Timber. See Motion to Dismiss at 5 ("In its claim letter, Swanson claims the Forest Service breached the Whitecap contract when it suspended the contract from December 2000 to March 2004"). Nothing more is required under the CDA.

In addition, in this case the contracting officer refused to issue a final decision on Swanson's Whitecap claim and so, as a practical matter, was never "deprived" of considering the impact of the Rescissions Act on that claim. The contracting officer was provided with Swanson's claim letter on July 12, 2004 and, as provided for by the CDA, was obliged to provide a final decision within 60 days. Complaint at ¶ 5. However, for approximately seven months thereafter, the contracting officer periodically issued letters extending its deadline for providing a final decision. Id. at ¶¶ 6-11. At no time did the contracting officer ever resolve any aspect of

Swanson's claim. Id. Ultimately, Swanson filed the instant action on January 26, 2005 based on the deemed denial of the claim. See id. at ¶ 12. Defendant's contention that the contracting officer should have been afforded an opportunity to pass on Swanson's Rescissions Act legal theory, in addition to being wrong under the law, would not have occurred anyway.[4]

III. Plaintiff's Reply In Support of Its Motion For Summary Judgment

As set forth in Plaintiff's Motion for Summary Judgment, and as defendant agrees, the government's December 19, 2000 suspension of Whitecap was imposed pursuant to contract clause CT6.01(b). PPFUF 27-29. However, CT6.01(b) only authorizes a suspension where a "court of competent jurisdiction" has issued an order with which the Forest Service must comply. Here, no court had jurisdiction to review the sufficiency of environmental documentation prepared for the Whitecap sale. That is, under the Rescissions Act the environmental documentation, if any, that was in place at the time the Whitecap contract was offered for sale, was deemed to be sufficient under all environmental and natural resource laws and regulations, specifically including the ESA. PPFUF 10, 13, 14, 17. This was the well-settled meaning of the Rescissions Act within the Ninth Circuit since at least 1996. PPFUF 17; Oregon Natural Resources Council, 92 F.3d at 795. Therefore, no district court had jurisdiction to review the Whitecap contract's compliance with the ESA. Id.

---

[4]Moreover, the Forest Service, as a government agency charged with applying the Rescissions Act to timber sales, could and should have been aware of the Act's applicability to Whitecap, and therefore the Forest Service actually had ample opportunity to address this point when Swanson filed its claim letter, if the Forest Service had so desired. Defendant has failed to allege any prejudice that could have arisen from this Court retaining jurisdiction over and deciding the Rescissions Act argument and has essentially admitted that the Rescissions Act applied to Whitecap. See PPTUF 15, 16, 19, 20.

Accordingly, the December 7, 2000 order issued by the district court for the Western District of Washington to enforce the ESA in a case that was filed some three years after the Whitecap contract had been offered in 1996, was clearly not issued by a court of "competent jurisdiction." In these circumstances, clause CT6.01(b) did not authorize a suspension of the Whitecap contract and the Forest Service's unauthorized suspension was therefore a breach of contract.

IV. Conclusion

Defendant has either agreed with or presented no substantive opposition to the facts and arguments presented in support of plaintiff's Motion for Summary Judgment. Indeed, defendant essentially concedes that the Rescissions Act applies to the Whitecap contract (see Defendant's Response to PPFUF 15, 16, 19, 20) and, therefore, that there was no need for the Forest Service to suspend the contract for a single day to comply with the ESA, let alone for the more than 3 years that the sale was suspended. Because the government has not established the existence of any genuine issue of material fact with respect to plaintiff's Motion for Summary Judgment, judgment in favor of plaintiff as a matter of law on the issue of liability is appropriate.

Respectfully submitted,

s/Gary G. Stevens
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

Dated: August 14, 2006

Of Counsel:

Richard W. Goeken
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140