IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SWANSON GROUP, INC., Plaintiff, v. THE UNITED STATES, Defendant. | Case No. 05-170C consolidated with 05-171C (Senior Judge Loren A. Smith) |

**PLAINTIFF'S CONSENT MOTION TO DEFER FURTHER DISCOVERY AND PRE-TRIAL FILINGS ON LIABILITY IN THE BENCHMARK CASE (NO. 05-170C) PENDING THE COURT'S RESOLUTION OF THE PARTIES' CROSS-MOTIONS IN THE WHITECAP CASE (NO. 05171C)**

Plaintiff submits the following motion with the concurrence and approval of defendant.

On June 29, 2006, plaintiff filed an unopposed motion to amend the Court's scheduling order of April 20, 2006. Subsequent to that date, the Court has not acted on plaintiff's motion, and the parties have fully briefed and argued defendant's motion to dismiss and plaintiff's motion for summary judgment on liability with respect to case no. 05-171C (Whitecap). Oral argument on the cross-motions took place on September 8, 2006. In light of the foregoing and with the intent of expediting an efficient resolution of both Benchmark (05-170C) and Whitecap (05-171C), plaintiff, with the concurrence of defendant, moves (1) to withdraw its unopposed motion to amend the Court's scheduling order of April 20, 2006 and (2) for an order staying all discovery and all previously scheduled pre-trial filings for both Benchmark and Whitecap until ten days after the Court decides the parties' pending cross-motions in Whitecap, by which date

the parties will submit a joint proposal for any further proceedings required in either of these consolidated cases.[1]

The parties agree that the scope and need for further discovery by either party in both Benchmark and Whitecap may depend upon the Court's resolution of the pending motions in Whitecap. Further, after the Court rules on the Whitecap motions, the parties may find it appropriate to explore possible settlement of both Benchmark and Whitecap before continuing with discovery. Thus, whatever the outcome of the Court's ruling on the cross-motions in Whitecap, both the scope and need for discovery may change substantially. Consequently, deferring discovery and all previously scheduled pre-trial filings until the Court decides the Whitecap cross-motions may conserve the parties' resources and scarce judicial resources, and provide an opportunity for substantive settlement discussions to take place prior to the expenditure of additional resources.

If for any reason the Court decides not to grant this motion or to handle the pre-trial scheduling for the above-referenced consolidated cases in a different manner, the parties respectfully request a status conference prior to the Court taking any such action.

[1]The Court has previously ordered that all "discovery relating only to the Whitecap sale" be held in abeyance "until resolution of Plaintiff's Motion for Summary Judgment." Order filed June 9, 2006.

Respectfully submitted,

s/Gary G. Stevens

SALTMAN & STEVENS
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

Dated: September 28, 2006